UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>WALMART INC.,<br><br>    Defendant. | Case No. 8:22-cv-02402-VMC-TGW |

**NOTICE OF PLAINTIFF'S COUNTERSTATEMENT TO WALMART'S "LOCAL RULE 3.01(g) CERTIFICATION" FILED WITH ITS MOTION TO DISMISS [DKT. NO. 25]**

It is with great reluctance that Plaintiff submits this counterstatement to Walmart, Inc.'s ("Defendant") "Local Rule 3.01(g) Certification" ("L.R. 3.01(g) Certification"), which Defendant filed on January 6, 2023 as part of its Motion to Dismiss [Dkt. No. 25 at p. 27, "Defendant's Motion"]. This filing is necessary to correct the misstatements in Defendant's L.R. 3.01(g) filing.

On December 9, 2022, Defendant filed an Unopposed Motion to Extend its Time to Respond to the Complaint [Dkt. No. 23], and on that same day the Court ordered Defendant to respond to the Complaint by January 6, 2023 [Dkt. 24], noting that Defendant had been served on October 21, 2022, and entered its notices of appearance on November 9, 2022.

*Prior to* December 9, 2022, consistent with the statements set forth in the motions seeking additional time for Walmart to respond to the complaint, which were filed on November 9, 2022 (Dkt. No. 17) and December 9, 2022 (Dkt. No. 23),

Walmart represented that it purportedly "has been and is continuing to investigate the allegations in the 84 page Complaint", and the parties were "meeting and conferring" and "exchanging, and anticipate continuing to exchange, additional information to further those meet and confer discussions and allow the Parties to determine whether an early mediation might be fruitful." During those discussions, other than *Plaintiff* explaining to Defendant why the release in *Kukorinis, et al. v. Walmart, Inc.*, Case No. 1:19-cv-20592-JEM (S.D. Fla.) does not apply to Plaintiff's claims here, Defendant did not convey that it is was, in fact, filing a motion to dismiss the complaint (in part or in full), or, convey the legal and factual bases for any potential motion to dismiss; thus, the parties could not, and did not, have any L.R. 3.01(g) conferral about Defendant's motion prior to December 9, 2022.

*Since* December 9, 2022 and until Defendant sent its email to Plaintiff on January 6, 2023 at 11:19 a.m., Defendant conveyed no information to Plaintiff about its proposed motion to dismiss. The parties' emails from January 6, 2023 are attached here as Exhibit A.

Walmart's L.R. 3.01(g) Certification states that "[t]he Parties met and conferred regarding Plaintiff's claims by telephone and email in December 2022." As noted, after December 9, 2022 no communications occurred, and, prior to December 9, 2022, no discussions relevant to a L.R. 3.01(g) Certification by Walmart concerning its motion to dismiss occurred. Therefore, as Plaintiff stated to Defendant, the parties did not have any conferral pursuant to L.R. 3.01(g) and the Court's stated preferences concerning L.R. 3.01(g).

Defendant's January 6, 2023 email insinuated that the parties had already conducted a conferral in accordance with L.R. 3.01(g), or could effectively do so the day that Defendant's Motion was due, and asked Plaintiff to acquiesce to such characterization. *See* Exhibit A.  Plaintiff responded that: a L.R. 3.01(g) conference had not in fact occurred at any point in time; Defendant's conduct had removed the possibility for, prior to filing of a motion, a good faith conferral and to avoid needless litigation as the Rule requires; and, L.R. 3.01(g)(3) is not a safe harbor for movant's counsel where such counsel's failure to comply with L.R. 3.01(g)(1) had nothing to do with Plaintiff's counsel's availability for conferral. *See, id.*

Finally, Plaintiff also requested that Defendant include "Plaintiff's position" in its L.R. 3.01(g) Certification. Instead, Defendant persisted in making the filing that it ultimately made, necessitating this counterstatement.

Dated: January 9, 2023                    Respectfully submitted,

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
KMD@chimicles.com
Nicholas E. Chimicles
NEC@chimicles.com
Zachary P. Beatty
ZPB@chimicles.com
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633
***Attorneys for Plaintiff Vassilios Kukorinis***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

Dated: January 9, 2023            <u>*/s/ Kimberly M. Donaldson-Smith*</u>
                                  Kimberly M. Donaldson-Smith