# EXHIBIT A

| | |
|---|---|
| **From:** | Kimberly Donaldson Smith |
| **To:** | BeerN@gtlaw.com; Nicholas E. Chimicles; Zachary P. Beatty |
| **Cc:** | Robert.Herrington@gtlaw.com; jacksonra@gtlaw.com; Jessica.Fishfeld@gtlaw.com |
| **Subject:** | RE: Kukorinis (II) v. Walmart - Walmart motion to dismiss |
| **Date:** | Friday, January 6, 2023 4:04:00 PM |
| **Attachments:** | image001.png |
| | image002.png |

Naomi-

Your certification will be false if that is what it ultimately states. You reached out today to meet and confer and our response is clearly stated and evidenced below. Our motion to strike your motion to dismiss will set forth the actual facts.

Kim

**From:** BeerN@gtlaw.com <BeerN@gtlaw.com>
**Sent:** Friday, January 6, 2023 3:36 PM
**To:** Kimberly Donaldson Smith <kimdonaldsonsmith@chimicles.com>; Nicholas E. Chimicles <nick@chimicles.com>; Zachary P. Beatty <ZPB@chimicles.com>
**Cc:** Robert.Herrington@gtlaw.com; jacksonra@gtlaw.com; Jessica.Fishfeld@gtlaw.com
**Subject:** RE: Kukorinis (II) v. Walmart - Walmart motion to dismiss

Kimberly,

We disagree with your characterizations. We have reached out in good faith to meet and confer according to the local rules. We have had prior discussions regarding Plaintiff's claims. My email below spells out the grounds for our motion and I have also asked to meet and confer today before the motion is filed. As of now, our certification will state that we reached out to meet and confer and you have refused to provide your availability. As noted below I am available today until 5 Eastern, which is approximately 90 minutes from now. If you are available in the next 90 minutes please let me know. If you are unavailable today, please state so and provide your availability for a discussion on Monday, Tuesday, or Wednesday.

Naomi

**Naomi G. Beer**
Co-Chair, Global Labor & Employment Practice

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T 303.572.6549  |  F 720.904.7649  |  C 303.810.5821
BeerN@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



**From:** Kimberly Donaldson Smith <kimdonaldsonsmith@chimicles.com>
**Sent:** Friday, January 6, 2023 12:43 PM
**To:** Beer, Naomi (Shld-Den-LT-Labor-EmpLaw) <BeerN@gtlaw.com>; Nicholas E. Chimicles <nick@chimicles.com>; Zachary P. Beatty <ZPB@chimicles.com>
**Cc:** Herrington, Robert J. (Shld-LA-LT) <Robert.Herrington@gtlaw.com>; Jackson, Raymond D. (Assoc-TPA-Labor-EmpLaw) <jacksonra@gtlaw.com>; Fishfeld, Jessica (Assoc-MIA-LT) <Jessica.Fishfeld@gtlaw.com>
**Subject:** RE: Kukorinis (II) v. Walmart - Walmart motion to dismiss

Naomi,

We don't think you can unscramble these eggs. Prior telephonic conferrals entailed brief mention of your client's considering the filing of a motion to dismiss with no details whatsoever. Plaintiff's position is consistent with what has occurred, and your statement that your email "simply supplements our prior conferrals" is baseless. As noted, Local Rule 3.01(g)'s good faith conferral requirement contemplates more than a perfunctory statement that Walmart is moving to dismiss the complaint and a temporally compressed conferral today with inadequate opportunity to assess any legal support in order to provide an appropriate response. Finally, Local Rule 3.01(g)(3) is not a safe harbor for movant's counsel who fail to comply with 3.01(g)(1). It does not countenance conferral after the filing of the motion to dismiss where, as here, Plaintiff has been available.

Your Motion (or form of "Local Rule 3.01(g) Certification") should state as follows: "It is Plaintiff's position that: Defendant failed to comply with Local Rule 3.01(g); no Local Rule 3.01(g) Conference has occurred; and Defendant cannot invoke Local Rule 3.01(g)(3) because Plaintiff has been available and Defendant's January 6, 2023 email first seeking conferral under Local Rule 3.01(g) was untimely, substantively deficient and did not afford Plaintiff the opportunity to engage in a good faith conferral prior to the filing of the Motion."

Thanks,
Kim

**KIMBERLY M. DONALDSON-SMITH**
Partner
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
One Haverford Centre | 361 West Lancaster Avenue | Haverford, PA 19041
Office: 610-642-8500 x 302
Fax: 610-649-3633
Cell: 610-304-3067
Email: kimdonaldson@chimicles.com



PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE: The information hereby transmitted, including any

attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

**From:** BeerN@gtlaw.com <BeerN@gtlaw.com>
**Sent:** Friday, January 6, 2023 1:25 PM
**To:** Kimberly Donaldson Smith <kimdonaldsonsmith@chimicles.com>; Nicholas E. Chimicles <nick@chimicles.com>; Zachary P. Beatty <ZPB@chimicles.com>
**Cc:** Robert.Herrington@gtlaw.com; jacksonra@gtlaw.com; Jessica.Fishfeld@gtlaw.com
**Subject:** RE: Kukorinis (II) v. Walmart - Walmart motion to dismiss

Kimberly, we disagree that we have not properly met and conferred regarding the motion to dismiss. The fact that Walmart intended to move to dismiss is not a surprise – not only have we had prior telephonic conferrals regarding Plaintiff's claims but we previously agreed to an extension of time for your opposition to Walmart's motion had the motion been filed our motion on December 14. My email of this morning simply supplements our prior conferrals. That being said, please advise of your availability for a call today for a call to further discuss Walmart's motion to dismiss – I can be available anytime between now and 5 Eastern. And if you are not available for a call today, per local Rule 3.01(g)(3), please advise of your availability on Monday, Tuesday or Wednesday next week so that we can have a further discussion.

Naomi

**Naomi G. Beer**
Co-Chair, Global Labor & Employment Practice

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T 303.572.6549  |  F 720.904.7649  |  C 303.810.5821
BeerN@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



**From:** Kimberly Donaldson Smith <kimdonaldsonsmith@chimicles.com>
**Sent:** Friday, January 6, 2023 10:46 AM
**To:** Beer, Naomi (Shld-Den-LT-Labor-EmpLaw) <BeerN@gtlaw.com>; Nicholas E. Chimicles <nick@chimicles.com>; Zachary P. Beatty <ZPB@chimicles.com>
**Cc:** Herrington, Robert J. (Shld-LA-LT) <Robert.Herrington@gtlaw.com>; Jackson, Raymond D. (Assoc-TPA-Labor-EmpLaw) <jacksonra@gtlaw.com>; Fishfeld, Jessica (Assoc-MIA-LT)

&lt;Jessica.Fishfeld@gtlaw.com&gt;
**Subject:** RE: Kukorinis (II) v. Walmart - Walmart motion to dismiss

*EXTERNAL TO GT*

Counsel:

  Defendant's 11th hour email, sent on the day of its filing, setting forth in summary fashion and for the first time, several bases on which Defendant is moving today under Rule 12(b)(6) to dismiss the complaint in its entirety, does not constitute "a good faith effort to resolve the motion" as required by Local Rule 3.01(g) and by Judge Covington, whose preferences clearly provide that, under Local Rule 3.01(g), "placing a phone call or sending an email is not sufficient… The importance of Local Rule 3.01(g) in helping needless litigation cannot be overstated; therefore, failure to comply with the rule will result in the court denying or striking the motion."

  Defendant's email of today does not provide both the necessary and appropriate time, in addition to the substance, for Plaintiff to consider the bases for Defendant's Motion and then to subsequently engage in a good faith effort with Defendant to resolve the Motion, in whole or part. For example, had you complied with the Rule, Plaintiff could have identified infirmities in your position to avoid unnecessary motion practice. Likewise, if Plaintiff was persuaded of some deficiency in his pleading, it may have been suggested that it be addressed by an amendment to the Complaint as a way to, again, avoid unnecessary motion practice. Defendant has had the Complaint since October, and there is no reason or basis for Defendant's first attempt to comply with Rule 3.01(g) to occur on the day of its filing. Defendant removed the possibility for a good faith conferral and to avoid needless litigation as the Rule requires by sending an untimely email that lacks case support or legal reasoning to support its positions.

  Therefore, Plaintiff opposes the Motion, does not agree with or consent to any statement that a Rule 3.01(g) conference occurred (or that any such analogous discussions have ever occurred, which your email at the end appears to wrongly imply), and reserves all rights to assert that Defendant failed to comply with Local Rule 3.01(g) prior to filing its Motion today.

Regards,
Kim

**KIMBERLY M. DONALDSON-SMITH**
Partner
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
One Haverford Centre | 361 West Lancaster Avenue | Haverford, PA 19041
Office: 610-642-8500 x 302
Fax: 610-649-3633
Cell: 610-304-3067
Email: kimdonaldson@chimicles.com



**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE:** The information hereby transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

**From:** BeerN@gtlaw.com <BeerN@gtlaw.com>
**Sent:** Friday, January 6, 2023 11:19 AM
**To:** Kimberly Donaldson Smith <kimdonaldsonsmith@chimicles.com>; Nicholas E. Chimicles <nick@chimicles.com>; Zachary P. Beatty <ZPB@chimicles.com>
**Cc:** Robert.Herrington@gtlaw.com; jacksonra@gtlaw.com; Jessica.Fishfeld@gtlaw.com
**Subject:** Kukorinis (II) v. Walmart - Walmart motion to dismiss

Counsel,

As we've discussed on prior occasions by phone, Walmart intends to file a Motion to Dismiss later today seeking dismissal of Plaintiff's Complaint in its entirety. Pursuant to Local Rule 3.01(g), we write to confer in good faith concerning the specific arguments we intend to raise in the Motion.

We believe the Complaint should be dismissed under Rule 12(b)(6) for multiple reasons:
- Count I (Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")) fails to state a claim for at least the following two reasons:
    - 1. Plaintiff does not allege facts showing that Walmart caused any alleged injury. He purchased—and continues purchasing—products even though he knows of the alleged weight and price discrepancies.
    - 2. Plaintiff does not allege Walmart engaged in any deceptive act or unfair practice that gives rise to a FDUTPA claim. Any alleged mistakes on product labels or shelf tags are unlikely to mislead because (i) Plaintiff has not alleged facts plausibly showing that reasonable consumers ignore the "total price" advertised and instead rely only on the unit price, and (ii) the total price actually paid is disclosed to the customer at checkout, even for those items with allegedly incorrect shelf tags and/or product labels, thus dispelling any alleged deception.
- Count II (Declaratory Judgment under FDUTPA) should be dismissed as duplicative of Count I because it is based on the same alleged conduct as the FDUTPA claim and raises no additional issue or requested relief that could not be fully addressed by the FDUTPA claim.
- Count III (Violations of State Consumer Protection Statutes) is an impermissible "shotgun pleading" that lumps together over two dozen state statutes and 145 preceding allegations, and improperly attempts to assert claims under the laws of states in which Plaintiff has alleged no injury.
- Count IV (Unjust Enrichment) also fails. Because Plaintiff alleges that Walmart engaged in

deceptive or misleading conduct, any relief must be pursued through his FDUTPA claim, not unjust enrichment. Plaintiff also fails to allege that no adequate legal remedy exists, as required by Florida law to assert an equitable claim like unjust enrichment.
- Finally, even if any of the asserted claims were sufficiently pled, Plaintiff waived and released many of the claims he attempts to re-assert here in his prior class settlement agreement. See *Vassilios Kukorinis, et al. v. Walmart, Inc.*, Case No. 1:19-cv-20592-JEM (S.D. Fla.) ("*Kukorinis I*"). Thus, claims based on alleged conduct pre-dating August 26, 2020 (the end date of the release period in *Kukorinis I*) are barred.

Based on our prior discussions we understand that you oppose the motion to dismiss (and we will reflect your opposition in the certificate of conference), but if that is not correct and we can agree on any of the above deficiencies, please let us know.

Thanks,
Naomi


**Naomi G. Beer**
Co-Chair, Global Labor & Employment Practice

Greenberg Traurig, LLP
1144 15th Street, Suite 3300 | Denver, Colorado 80202
T 303.572.6549  | F 720.904.7649  | C 303.810.5821
BeerN@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.