## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf
of himself and any others similarly
situated,

      Plaintiff,

v.

WALMART INC.,

      Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## UNIFORM CASE MANAGEMENT REPORT

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1.  Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on January 11, 2023 by video conference, and thereafter conferred by e-mail. Counsel for Plaintiff, Kimberly M. Donaldson-Smith, and Nicholas E. Chimicles of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and counsel for Defendant, Naomi G. Beer and Raymond Jackson of Greenberg Traurig, LLP, attended the conference and participated in the conferrals.

1

## 2.  Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/13/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/12/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. The parties are determining mediator availability, exchanging proposed mediator names on January 20, 2023, and will update the Court with the mediator's name, address and phone number, when the mediator is selected. | 6/30/2023 |
| Deadline for completing fact discovery and for timely filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery,* Handbook on Civil Discovery Practice in the U.S.D.C. M.D. Fla (2021). | 8/18/2023 |
| Expert Reports and Discovery <br>• Parties' deadline for disclosing any affirmative expert(s) and report(s). *See* Fed. R. Civ. P. 26(a)(2). The parties propose exchanging expert reports after the close of fact discovery to avoid their experts having to amend reports and sit for second depositions in order to incorporate or account for the discovery that inevitably occurs at the end of the fact discovery period. | 9/25/2023 |
| • Parties' deadline for disclosing any rebuttal expert report(s). | 11/9/2023 |
| • Parties' deadline for expert depositions | 11/30/2023 |

| | |
|---|---|
| Class Certification<br>• Plaintiff's Deadline for moving for class certification. *See* Fed. R. Civ. P. 23(c). | 12/29/2023 |
| • Defendants' Deadline for responding to the motion for class certification. | 1/26/2024 |
| • Plaintiff's Deadline for filing a reply brief in support of his motion for class certification | 2/16/2024 |
| Deadline for filing *Daubert* motion. (Must be at least five months before requested trial date.) | 12/29/2023 |
| Deadline for filing any dispositive motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/20/2024 |
| All Other Motions including Motions *in Limine* | 6/17/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/26/2024 |
| Deadline for filing the joint final pretrial statement, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/2/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 8/9/2024 |
| Month and year of the trial term. | 8/16/2024 |

Depending on the Court's pretrial rulings, the trial will last approximately 5-10 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

Joint Description –

Plaintiff, on behalf of himself and proposed classes of similarly situated persons ("Customers") asserts claims pursuant to the consumer protection statutes of Florida and several other states and for unjust enrichment, against Walmart Inc. Plaintiff alleges that Walmart engaged and continues to engage in four business practices in connection with its sale of specific grocery products (such as meat poultry, seafood and produce) that are sold by weight to Customers in its stores nationwide, that result in Walmart's Customers being wrongly charged more for the products than what Walmart displays and represents to Consumers as the products' lowest prices. (*See, e.g.,* Complaint ¶¶4-13.)  Plaintiff alleges that while challenged practices involve various products and impacts tens of thousands of Customers, the identification of the source and cause of the alleged misconduct, the applicable products and the Customers impacted, are, upon information and belief as alleged by Plaintiff, reflected in and discoverable from Walmart's data, business rules, Point of Sale systems, programming rules, and customer databases. Walmart denies Plaintiff's allegations and further denies that the claims alleged can be properly certified under Fed. R. Civ. P. 23.  Walmart further alleges that at least some of Plaintiff's claims are covered by a release entered into in a prior class action settlement between Plaintiff and Walmart. Plaintiff disagrees that that the release applies in this action.

## 4. Disclosure Statement

☒  The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

## 5. Related Action

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference.

**8. Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐  Yes,

☒  No; instead, the parties agree to the changes *as set forth in Paragraph 2, above, and 9.F., below*.

B.  Discovery may be needed on these subjects, among others:
-   The parties agree that pursuant to Fed. R. Civ. P. 26(e), discovery may be needed on "[a]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable"

-   Plaintiff identifies that discovery may be needed on these subjects, among others:
    o   The data, data dictionaries, data models, business rules, programs, and descriptive texts from, or pertaining to, Walmart's databases, data systems (which systems, including Walmart's Point of Sale ("POS") system, manage, track and store Walmart's product sales and inventory data nationwide, among other functions) and database management systems, that are relevant and applicable to how Walmart prices, and charges at the point of sale for, the impacted Sold-by-Weight Products.
    o   The data, data dictionaries, data models, business rules, programs, and descriptive texts from, or pertaining to, Walmart's databases, POS system(s), and transaction database management systems to identify the Sold-by-Weight Products impacted, the members of the Classes and their transactions in the Sold-by-Weight Products.

- o Defendant's knowledge about the facts as alleged in the action.
- o Defendant's arguments asserted in the motion to dismiss, including with respect to the scope of the release in *Kukorinis, et al. v. Walmart, Inc.*, Case No. 1:19-cv-20592-JEM (S.D. Fla.).
- o Damages, including the amounts Defendants charged Customers and received for the Sold-by-Weight Products at issue.

- Defendant identifies that discovery may be needed on these subjects, among others:
  - o Discovery regarding Plaintiff's allegations in the Complaint, including Plaintiff's transactions at Walmart as described in the Complaint (including items purchased and items voided) and other "observations" he made, also as alleged in the complaint.
  - o Discovery regarding Plaintiff's class allegations including with respect to transactions and claims by putative class members within and outside of Florida.
  - o Discovery regarding the impact of *Kukorinis, et al. v. Walmart Inc.*, Case No. 1:19-cv-20592-JEM (S.D. Fla.).
  - o Discovery regarding the damages claimed by Plaintiff and the putative class(es) he seeks to represent.

The inclusion of the parties' respective statements in this Case Management Report about what discovery may be needed does not waive either party's right to object to or oppose any discovery sought by the other party.

C. Discovery should be conducted in phases:
   ☒ No.
   ☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

   ☒ No.
   - The parties are not presently aware of any issues about disclosure, discovery or preservation of electronically stored information.

   - **Confidentiality Agreements.** The parties discussed whether a stipulation governing the production of confidential materials is

necessary. Defendant will provide Plaintiff, by January 18, 2022, a proposed Confidentiality Agreement. The Confidentiality Agreement will comport with the M.D. Fla. Local Rules, including 1.11, Filing Under Seal in a Civil Action, and The Middle District of Florida Handbook on Civil Discovery Practice, dated February 1, 2021, Section I.C. (Filing of Discovery Materials and Other Discovery Considerations). The parties understand that the Court will not endorse a stipulated confidentiality agreement (pursuant to the Court's stated preferences).

- **Electronically Stored Information ("ESI").** The parties anticipate the disclosure or discovery of ESI in this case. The parties have discussed the topics set forth in Section VIII. Titled "E-Discovery", in *Middle District Discovery*, as well as in the Court's Case Management Report. Defendant identified that it will seek Plaintiff's agreement to an ESI Protocol, and will provide Plaintiff with a proposed draft by January 18, 2022. The parties will continue their conferrals on the topics identified in Section VIII, D. titled "ESI Conference" during the week of January 23, 2022.

- **Filing of Discovery.** Parties understand that they shall not file discovery materials with the Clerk except as provided in the operative M.D. Fla. Local Rules.

- **Discovery Deadline.** Parties shall timely serve discovery requests so that the responses, pursuant to the applicable rules, are due prior to the discovery deadline.

☐   **Yes**; describe the issue(s).

E.   ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐   No.

☒   Yes; describe the stipulation.

(1) **Written Interrogatories.** The parties do not request any changes to or limitations on Interrogatories pursuant to Fed. R. Civ. P. 33. In the event that either party believes in good faith that additional Interrogatories are needed, the parties will meet and confer in good faith regarding the need for such additional discovery.

(2) **Requests for Production or Inspection.** The parties do not request any changes to or limitations on requests for production or inspection pursuant to Fed. R. Civ. P. 34.

(3) **Depositions**

a. **Number of Depositions:** Absent agreement by the parties or leave of Court, the parties will be permitted to take 10 depositions per side (not per party). Experts' depositions shall not be included in this limitation. Further, a Rule 30(b)(6) notice or subpoena shall count as one deposition even though more than one witness may be designated to testify about the matters set forth in such notice or subpoena.

b. **Time permitted for each deposition:** Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of the Court.

c. **Time permitted for designee depositions pursuant to Rule 30(b)(6):** The parties recognize that the deposition of a witness designated pursuant to Rule 30(b)(6) may reasonably extend beyond one day of seven hours due to the number and scope of the matters for which a particular designee may be identified. The parties will confer in good faith to reach agreement as to the duration of Rule 30(b)(6) designee depositions in connection with their conferral requirements pursuant to Fed.

R. Civ. P. Rule 30(b)(6) and Section II.A.4 of the MD. Fla. Handbook on Civil Discovery Practice.

**d. Location of Depositions.** Mindful of the general policy and practice set forth in *Middle District Discovery,* Section II.A.3, concerning the place where depositions may be taken, the parties will confer in good faith to agree upon the location of in person depositions and shall also consider and confer in good faith regarding options for remote depositions.

**(4) Disclosure of Expert Testimony**: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that the parties' Fed. R. Civ. P. 26(a)(2) disclosure will be due as set forth in Paragraph 2, above.

**(5) Requests for Admission** The parties do not request any changes to or limitations on requests for admission pursuant to Fed. R. Civ. P. 36.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Dated: January 13, 2023

/s/ Nicholas E. Chimicles
Kimberly M. Donaldson-Smith
Kds@chimicles.com
Nicholas E. Chimicles
Nec@chimicles.com
Zachary P. Beatty
Zpb@chimicles.com
**Chimicles Schwartz Kriner &
Donaldson-Smith LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633

*Attorneys for Plaintiff Vassilios
Kukorinis*

Respectfully submitted,

/s/ Raymond D. Jackson
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Raymond D. Jackson (FBN 1028350)
jacksonra@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary email: farrark@gtlaw.com;
FLService@gtlaw.com

Naomi G. Beer*
beern@gtlaw.com
**GREENBERG TRAURIG, LLP**
1144 15th Street, Ste. 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert J. Herrington**
robert.herrington@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (312) 586-7800

*Specially Admitted*

**Motion for Special Admission
Forthcoming*

*Attorneys for Defendant Walmart Inc.*