# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## DEFENDANT WALMART INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Under Local Rule 3.01(d), Defendant Walmart Inc. ("Walmart") respectfully moves the Court for an Order granting it leave to file a reply in support of its Motion to Dismiss Plaintiff's Complaint ("MTD") [ECF No. 25]. Walmart requests leave to file a short five (5) page Reply within five business (5) days of an Order on this Motion for Leave.

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response . . . ." *Glob. Tech Led, Ltd. Liab. Co. v. Hilumz Int'l Corp*, 2016 U.S. Dist. LEXIS 101888, at *3 (M.D. Fla. Aug. 3, 2016) (citation and quotation omitted). The standard for leave to file a reply is "good cause." *See id.* There is good cause to allow Walmart to file a short Reply to address the new law and facts in Plaintiff's opposition to the MTD, and to aid the Court's resolution of the MTD, as follows:

(1) **In the Opposition, Plaintiff incorrectly contends that the fatal causation and damages problems cannot be decided at the Motion to Dismiss stage.** *See* Opp. at 9. Walmart seeks leave to reply to explain that courts can and do address causation and damages deficiencies at the pleading stage when, as is the case here, such questions can be resolved without looking outside the four corners of the complaint.

(2) **Plaintiff incorrectly contends that the Court must wait until the class certification stage to rule that his claims are barred by res judicata.** *See* Opp. at 22. Walmart seeks leave to rebut this contention and show that the case law relied on by Plaintiff in the Opposition declined to dismiss claims based on res judicata because, unlike here, it was not clear on the face of the Complaint that the alleged conduct was barred.

(3) **Plaintiff misstates the legal standard for finding that Plaintiff's claims are barred by his prior settlement and release by relying on *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020).** Walmart seeks leave to explain why *TVPX* is distinguishable and not applicable to the facts alleged here.

## LOCAL RULE 3.01(g) CERTIFICATION

This certifies that Walmart's counsel conferred with Plaintiff's counsel regarding this Motion. Plaintiff takes no position on Walmart's motion, as he is currently unaware of any issue or fact from his opposition that was not already

addressed in Walmart's opening brief or that otherwise entitles it to a reply brief, and he will move to file a sur-reply if warranted by the arguments made in Walmart's reply brief (if any).

Dated: February 21, 2023    Respectfully submitted,

/s/ *Raymond D. Jackson*
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Raymond D. Jackson (FBN 1028350)
jacksonra@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary email: farrark@gtlaw.com;
FLService@gtlaw.com

Naomi G. Beer*
beern@gtlaw.com
**GREENBERG TRAURIG, LLP**
1144 15th Street, Ste. 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert J. Herrington*
robert.herrington@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (312) 586-7800

*Specially Admitted*

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Raymond D. Jackson*
Raymond D. Jackson
