UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., <br><br> Defendant. | Case No. 8:22-cv-02402-VMC-TGW |

**PLAINTIFF'S RESPONSE TO WALMART'S NOTICE [DOC. 47]**

Plaintiff, by and through his undersigned counsel, respectfully submits this response to Walmart, Inc.'s Notice of Supplemental Authority regarding *Kahn v. Walmart, Inc.,* No. 22-C-4177, 2023 U.S. Dist. LEXIS 48042 (N.D. Ill. Mar. 21, 2023)(dismissing without prejudice the putative class claims which did not involve deceptions rooted in mathematical computations, and programming in Walmart's POS Systems that deceptively uses fictional weights to undo the advertised unit sale prices appearing on both shelf labels and receipts). *Cf.* Cmplt, Doc. 1 at pgs. 4-53; Mot. to Dismiss Op., Doc. 37 at pgs. 2-15.

*Kahn* was improperly submitted as supplemental authority pursuant to L.R. 3.01(i), as it is a ruling: from a putative class action filed in August 2022 (prior to the filing of this Action) that Walmart never identified as a related case nor cited in its Motion to Dismiss (Doc. 25, "MTD"); that relies on Illinois precedent, from which

1

the court appears to conclude that the protections and remedies under Illinois consumer protection laws are essentially illusory for consumers who are exposed to false, advertised prices, when none of such precedent was cited by Walmart in its MTD *(cf.* Doc. 37 at 9-15); and, contradicts Walmart's MTD argument (Doc. 25 at 3, 20-25) that the facts alleged in this Action are a continuation of those at issue in the *Kukorinis, et al. v. Walmart, Inc.,* Case No. 1:19-cv-20592-JEM (S.D. Fla) in which the court denied Walmart's motion to dismiss. *Id.*, 2020 U.S. Dist. LEXIS 265146, at *14-15 (S.D. Fla. May 29, 2020)("Walmart counters that because Plaintiff continued to purchase…the only plausible inference is that Plaintiff was ignoring the unit prices altogether and thus never relied on the incorrect unit prices in making purchases…another plausible inference is that the misrepresentations were so subtle that Plaintiff and other reasonable consumers failed to notice until a closer inspection was made… this fact may highlight the pervasive effect of the alleged misconduct.").

Dated: April 5, 2023     Respectfully submitted,

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**

<u>By: /s/Kimberly M. Donaldson-Smith</u>
Nicholas E. Chimicles
Kimberly M. Donaldson-Smith
Zachary P. Beatty
361 West Lancaster Avenue
Haverford, PA 19041
Phone: 610-642-8500
Fax: 610-649-3633
nec@chimicles.com
kds@chimicles.com
zpb@chimicles.com
*Counsel for Plaintiff and the proposed classes*

## Certificate of Service

I hereby certify that on April 5, 2023, the foregoing document was served on Defendant's counsel by the Court's electronic filing system.

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
