# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## JOINT MOTION BY PLAINTIFF AND WALMART INC. FOR EXTENSION OF DEADLINES IN CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), paragraph II.B. of the Case Management and Scheduling Order dated January 25, 2023 (Dkt. No. 34) (the "Scheduling Order"), and the Court's inherent authority to control its docket, Plaintiff Vassilios Kukorinis ("Plaintiff") and Defendant Walmart Inc. ("Walmart") (collectively, the "Parties") jointly move to extend certain deadlines in the Scheduling Order, as set forth below. As anticipated in the Further Joint Status Report (Dkt. No. 54 at 3), the Parties hereby submit their first request to extend the dates in the Scheduling Order.[1] The Parties move in good faith and believe this request will achieve

---

[1] In their Further Joint Status Report, the Parties notified the Court that they "anticipate that they likely will require a reasonable extension of the existing case schedule in light of the Parties' focus on early mediation (as noted in the Parties' Joint Status Report of June 6, 2023 (Dkt. No. 49)), the amendment of the Complaint, and that the amendment may result in further motion practice" and that they would submit a proposed amended schedule to the Court by August 4, 2023.

significant judicial economy. In support of this Motion, the Parties jointly state as follows:

Plaintiff filed his Class Action Complaint in this Court on October 19, 2022. (Dkt. No. 1). On January 25, 2023, the Court entered the Scheduling Order. (Dkt. No. 34). For the reasons described below, the Parties respectfully request a reasonable extension of the deadlines in the Scheduling Order. As the deadlines have not yet passed, Rule 16(b)(4) and the Scheduling Order afford this Court discretion to extend the deadlines in the Scheduling Order "for good cause" and to "avoid manifest injustice." "In the context of Rule 16(b)(4) concerning scheduling orders, [the Eleventh Circuit] has said the 'good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.' …We have 'stress[ed] the broad discretion district courts have in managing their cases.' … 'This discretion is not wholly unfettered . . . but it is and must be broad.'" *Hermann v. McFarland*, 2022 U.S. App. LEXIS 27130, *10 (11th Cir. Sept. 28, 2022)(internal citations omitted).

Good cause exists for the requested extensions. The Parties have diligently litigated this action. They have also diligently mediated this action, which continues. The requested extensions are necessary to avoid manifest injustice to the Parties and should achieve significant judicial economies.

### A. The Parties have diligently worked to mediate the dispute and continue to do so.

The Parties' prior Joint Status Reports (Dkt. Nos. 49, 51, 54), have kept the Court apprised of the Parties' settlement discussions, including that they conducted two all day mediation sessions (on May 24, 2023, and on June 16, 2023), with JAMS Mediator Robert A. Meyer. Prior to and since each session, the Parties held numerous conferrals and exchanged, in writing and verbally, information relevant to the Parties' respective claims and defenses. The Parties made progress in their settlement discussions and have had, and are continuing to have, discussions since those mediation sessions.

### B. The Parties have diligently worked to narrow the pleadings.

Further, on July 6, 2023, the Court entered its Order granting in part and denying in part Walmart's Motion to Dismiss, (Dkt. No. 52), and as permitted by the Court's Order, Plaintiff filed an Amended Complaint on July 20, 2023. (Dkt. No. 56). On August 1, 2023, the Parties held a meet and confer pursuant to Local Rule 3.01(g) regarding Walmart's anticipated motion to partially dismiss the Amended Complaint as it relates to Count III, which asserts a nationwide claim and at least 34 statutory claims outside the state of Florida. Walmart's motion is due by August 10, 2023. (Dkt. No. 55). The Court's determination with respect to the partial Motion to Dismiss may impact the scope of further data productions and discovery. But, irrespective of the outcome of the upcoming partial motion to dismiss, and as the Court is aware from the allegations in the original and amended class action complaints, this class action

involves the production of a significant amount of information and data from Walmart, including transaction data for the thousands of different weighted goods products supplied by hundreds of vendors and sold at thousands of stores that are implicated by the complaint's allegations, spanning a nearly five-year time period.

### C. The Parties have diligently engaged in discovery.

Even while pursuing the settlement discussions and during the pendency of Walmart's motion to dismiss the initial Complaint, the Parties diligently began the discovery process. Promptly after the Court entered the Scheduling Order, Plaintiff served 40 requests for production ("RFPs") on Walmart, to which Walmart served objections and responses ("O&Rs"). The Parties conducted an in-person conferral on the RFPs, followed by written exchanges concerning Walmart's O&Rs. Walmart has produced initial documents in response to the RFPs, but the Parties are still conferring with the aim of trying to resolve (without the Court's assistance) other of the outstanding RFPs and O&Rs, and to also agree on the scope of further data and document productions including the scope of ESI searches consistent with the parties Court-approved ESI protocol. (Dkt. Nos. 45, 46). The Parties have also shared certain factual information on an informal basis, about which the Parties are conferring on how it will be efficiently produced as part of formal discovery.

Further, Walmart has produced extensive data concerning consumer purchases of the weighted goods and bagged produce at issue in this action. For example, Walmart produced data covering transactions nationwide (over 4,000 stores) for an approximately seven-month time period from June to December 2022. This data was

voluminous, consisting of *approximately 450 million rows comprising 118 gigabytes*. While some of these productions and discussions were undertaken in the Rule 408 context, some or all of them are expected to be designated in response to some of the discovery that Plaintiff seeks from Walmart. Critically, the Parties, as well as their respective experts, have not completed their review of the already-produced data, and will require, appropriately so, reasonable time to review and analyze the additional documents and/or data expected to be produced. *See In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (recognizing that "discovery in complex class actions has the potential to consume vast resources.").

In addition, the Parties, having been informed through the discovery to date and the exchange of information informally, are identifying pertinent custodians and witnesses, and are formulating the specific search terms to be used for further ESI discovery. The parties are also discussing the scheduling of depositions, however, additional data and document identification, production, review, and analysis must occur prior to the taking of depositions by the Parties.

Plaintiff also served Walmart with a Deposition Notice under Rule 30(b)(6) on July 27, 2023 identifying seventeen topics. The Parties are meeting and conferring regarding Plaintiff's notice as required by Rule 30(b)(6). Walmart is currently in the process of identifying the appropriate person(s) to testify on Walmart's behalf, but anticipates that the Notice as drafted could potentially call for five (or more) separate depositions. In addition, at least certain of the topics may require additional document

productions. Walmart will also be serving discovery on Plaintiff within the next two weeks.

### D. The Parties require additional time to continue mediation, brief the forthcoming partial motion to dismiss, and complete forthcoming discovery, all of which they have diligently conducted.

The Parties' efforts, summarized here, evidence the diligence with which they have conducted the Action, including with respect to their efforts in mediation, briefing the initial motion to dismiss, the prompt filing of the amended complaint and further motion to dismiss, and discovery to date. Even with exercising such diligence, the deadlines in the Scheduling Order cannot be reasonably met, and the current requirement that Plaintiff serve his expert reports and motion for class certification in September 2023 (ECF 34), prior to the conclusion of data, document, and deposition discovery would be highly prejudicial and result in manifest injustice to Plaintiff, who has been diligent in his efforts in mediation, opposing the initial motion to dismiss (and upcoming partial motion to dismiss), filing an amended complaint, and analyzing the discovery propounded to date.

In light of all of the above, the Parties have conferred and anticipate needing an extension of approximately 5 months to the current deadlines to complete document and data productions, finish their analysis of the extensive data, and conduct depositions, all of which is necessary to be concluded for Plaintiff and his experts to finalize their expert reports and for Plaintiff to file his motion for class certification.

In sum, due to the Parties' focus on early mediation, the fact that the operative complaint has recently been amended, and the sheer breadth of this action and the

amount of data and documents involved, the Parties need additional time to continue conducting discovery. The Parties, mindful of the Court's requirement of a four-month period between the filing of dispositive motions and the pretrial conference, also seek to enlarge the pretrial and trial period so that sufficient time is allotted for the Court's adjudication of dispositive motions. *See Adams Arms, LLC v. Unified Weapon Sys.*, 2017 U.S. Dist. LEXIS 8084, *4-5 (Covington, J) (M.D. Fla. Jan. 20, 2017) ("The Court finds good cause to grant the extension requested, and directs the Clerk to enter an Amended Case Management and Scheduling Order; however, the Court will also *sua sponte* enlarge the pretrial and trial period so that sufficient time is allotted for the adjudication of dispositive motions. Specifically, the Court requires a four-month period between the filing of dispositive motions and the pretrial conference.").

Accordingly, the Parties jointly respectfully request an extension of the upcoming deadlines in the Scheduling Order by approximately five months, and that the Court enter an Amended Case Management and Scheduling Order providing for the following new dates:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Disclosure of Expert Reports | Plaintiff: September 1, 2023<br>Defendant: October 2, 2023<br>Rebuttal: October 31, 2023 | Plaintiff: February 2, 2024<br>Defendant: March 4, 2024<br>Rebuttal: April 2, 2024 |
| Discovery Deadline | November 30, 2023 | April 30, 2024 |
| Motion for Class Certification | September 29, 2023 | February 29, 2024 |
| Motions for Summary Judgment, Judgment on the Pleadings, *Daubert*, and *Markman* Motions | December 29, 2023 | May 31, 2024 |

| | | |
|---|---|---|
| All Other Motions Including Motions In Limine | March 12, 2024 | August 12, 2024 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | March 25, 2024 | August 26, 2024 |
| Joint Final Pretrial Statement (Including a Single Set of Jointly Proposed Jury Instructions and Verdict Form) | April 4, 2024 | September 6, 2024 |
| Final Pretrial Conference | April 11, 2024 At 9:00 a.m. | September 13, 2024 At 9:00 a.m. |
| Trial Term Begins | May 6, 2024 | October 7, 2024 |
| Mediation | December 7, 2023 | May 7, 2024[2] |

These adjusted dates will "discourage wasteful pretrial activities" and help the Parties work toward a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; Local Rule 1.01(a); Scheduling Order at 3.

[*Signatures of counsel below*.]

---

[2] The Court previously ordered the Parties to mediate with former Judge Gregory Holder and are presently scheduled to mediate with him on November 15, 2023. Counsel for the Parties will contact Judge Holder to obtain his availability and will file a Notice with the Court advising of the new date and time of the mediation conference.

| | |
|---|---|
| Dated: August 4, 2023 | Respectfully submitted, |
| /s/ Kimberly Donaldson-Smith | /s/ Christopher Torres |
| Kimberly M. Donaldson-Smith | Christopher Torres (FBN 0716731) |
| Kds@chimicles.com | torresch@gtlaw.com |
| Nicholas E. Chimicles | Raymond D. Jackson (FBN 1028350) |
| Nec@chimicles.com | jacksonra@gtlaw.com |
| Zachary P. Beatty | **GREENBERG TRAURIG, P.A.** |
| Zpb@chimicles.com | 101 E. Kennedy Blvd., Ste. 1900 |
| **Chimicles Schwartz Kriner & Donaldson-Smith LLP** | Tampa, Florida 33602 |
| 361 W. Lancaster Avenue | Telephone: (813) 318-5700 |
| Haverford, PA 19041 | Facsimile: (813) 318-5900 |
| Telephone: (610) 642-8500 | Secondary email: farrark@gtlaw.com; FLService@gtlaw.com |
| Fax: (610) 649-3633 | |
| *Attorneys for Plaintiff Vassilios Kukorinis* | Naomi G. Beer* |
| | beern@gtlaw.com |
| | **GREENBERG TRAURIG, LLP** |
| | 1144 15th Street, Ste. 3300 |
| | Denver, Colorado 80202 |
| | Telephone: (303) 572-6500 |
| | Facsimile: (303) 572-6540 |
| | Robert J. Herrington* |
| | robert.herrington@gtlaw.com |
| | **GREENBERG TRAURIG, LLP** |
| | 1840 Century Park East Suite 1900 Los Angeles CA 90067 |
| | Telephone: (310) 586-7700 |
| | Facsimile: (312) 586-7800 |
| | *Specially Admitted |
| | *Attorneys for Defendant Walmart Inc.* |

## LOCAL RULES 3.01(g) CERTIFICATION

I certify that the Parties have conferred and agreed to submit this Motion jointly.

/s/ Christopher Torres
Attorney