# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## DEFENDANT WALMART INC.'S MOTION TO DISMISS COUNT III OF THE AMENDED COMPLAINT

Defendant Walmart Inc. ("Walmart") moves to Dismiss Count III of the Amended Class Action Complaint (Doc. 56) ("Amended Complaint") filed by Plaintiff Vassilios Kukorinis under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[1]

## MEMORANDUM OF LAW

In its July 6, 2023 Order, this Court ruled that Plaintiff stated a claim under the unique provisions of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* July 6, 2023 Order (Doc. 52) ("Order"). The Court, however,

---

[1] In light of this partial motion to dismiss, Walmart is not obligated to answer the Amended Complaint until the Court rules on the Motion. *See, e.g.*, *Jacques v. First Liberty Ins. Corp.*, No. 8:16-CV-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016) (denying motion for default and noting "[t]he majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending"); *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (denying motion for default because "Defendant's motion to dismiss . . . automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss").

dismissed without prejudice Count III, which had attempted to assert violations of a laundry list of state consumer protection statutes on behalf of a "multi-state consumer protection class." (*Id.* at 14). The Court also dismissed Count IV for unjust enrichment with prejudice, which was the only count asserted on behalf of a putative nationwide class. (*Id.* at 25-26).

The Court's Order granted Plaintiff leave to file an Amended Complaint as to Count III only. (*Id.* at 26). In the Amended Complaint (Doc. 56), Plaintiff added new allegations about purchases—made **after** he filed his initial Complaint—in three states other than Florida where he apparently searched for and bought weighted goods at Walmart with the same alleged price discrepancies. And because the Court granted leave to amend only Count III, Plaintiff has tried to inject his dismissed multi-state and nationwide class allegations into Count III, which now purports to assert claims on behalf of five "alternative" putative classes:

| Count | Claim | Putative Class[2] |
|---|---|---|
| Count III.A | Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") | "Nationwide Class" of purchasers at a Walmart anywhere in the United States |
| Count III.B | Violation of the Connecticut Unfair Trade Practices Act ("CUTPA") | Connecticut purchasers |
| Count III.C | Violation of the New Jersey Consumer Fraud Act ("NJCFA") | New Jersey purchasers |
| Count III.D | Violation of the New York General Business Law ("NYGLB") | New York purchasers |

---

[2] The proposed nationwide class definition is in Paragraph 118 of the Amended Complaint. (Doc. 56). The proposed class definitions for the "alternative" Florida, Connecticut, New Jersey, New York, and Multi-State classes are at Paragraph 119 of the Amended Complaint. *Id.*

| Count III.E | Violations of allegedly "Substantially Similar State Consumer Protection Statutes" under 34 statutes across 28 states plus the District of Columbia. | "Multistate Consumer Protection Class" |

The Court should dismiss all of Count III with prejudice. In Count III.A Plaintiff asserts a nationwide class claim under FDUTPA based on purchases that, at most, took place in Florida, Connecticut, New York, and New Jersey. But Plaintiff cannot assert FDUTPA on behalf of a nationwide class, because FDUTPA applies only to alleged misconduct within the state of Florida.

In Counts III.B, III.C, and III.D Plaintiff asserts claims under the laws of Connecticut, New Jersey, and New York, respectively. Although Plaintiff alleges purchases in those states, those purchases were made **after** he filed his original complaint in this action on October 19, 2022 (Doc. 1), at a time when Plaintiff unquestionably knew about the allegedly deceptive conduct. Plaintiff thus lacks any cognizable injury and has no Article III standing for those claims.

Finally, Count III.E—which purports to assert a single count for "violations of substantially similar state consumer protection statutes"—is another impermissible shotgun pleading, just as the Court initially found in its first Order. While now written in bullet point fashion rather than listing the statutory provisions in a footnote, this "claim" still does nothing more than list 34 state consumer protection claims across 29 jurisdictions in conclusory fashion, with no facts showing how Plaintiff has a claim under any of these statutes. Indeed, Plaintiff has not even alleged purchases, let alone any injury, in any of the jurisdictions listed in Count III.E, and apparently seeks to

apply the laws of 29 jurisdictions to purchases made in four other states. This is impermissible. Count III.E also fails because Plaintiff lacks standing to assert claims under the laws of states where he was not injured.

For these reasons, and as set forth further below, the Court should dismiss all of Count III with prejudice.

## BACKGROUND

Like Plaintiff's initial Complaint, the Amended Complaint alleges that Walmart's "pricing practices" are "false, misleading, and deceptive" because certain product labels and/or shelf tags incorrectly state the product's unit price. (Doc. 56 ¶¶ 4-7, 97). According to Plaintiff, these "deceptive" pricing practices "result in Customers being charged and paying more than a product's lowest advertised per pound/ounce price." (*Id.* ¶¶ 4, 96). Because the details surrounding the alleged facts are set forth in Walmart's Motion to Dismiss Plaintiff's initial complaint (Doc. 25), they are not repeated here. As relevant to this Motion, the only significant difference between the factual allegations in the initial complaint and the Amended Complaint is that Plaintiff added new allegations showing that **after** he had already filed his initial Complaint, he traveled to New York, New Jersey, and Connecticut to purchase eight additional Walmart products within a single week. (Doc. 56 ¶¶ 54-57, 60, 68, 70, 82).[3]

---

[3] The ninth example Plaintiff added was not a purchase, but merely an "observation." (Doc. 56 ¶ 83).

# ARGUMENT

I. **Count III.A Fails Because Plaintiff Cannot Assert a FDUTPA Claim on Behalf of a "Nationwide Class."**

FDUTPA applies only to alleged conduct in Florida, and there is no FDUTPA claim for conduct in other states. *See, e.g.*, *Dolan v. Jetblue Airways Corp.*, 385 F. Supp. 3d 1338, 1355 (S.D. Fla. 2019) (dismissing nationwide class allegations with respect to FDUTPA claim because "FDUTPA applies only to actions that occur within the state of Florida."); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV-SEITZ, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) ("Plaintiffs may only proceed on this [FDUTPA] claim based on actions that occurred within the state of Florida.").

In *Dolan*, for example, an airline passenger sued on behalf of a nationwide class, alleging that Jetblue misled customers into believing that amounts paid for trip insurance were a pass-through charge when, in reality, Jetblue retained a portion of the fee. *Dolan*, 385 F. Supp. 3d at 1343. The court rejected a FDUTPA claim asserted on behalf of a nationwide class because FDUTPA only covers conduct taking place "within the state of Florida." *Id.* at 1355. Similarly, in *Stein v. Marquis Yachts, LLC*, the plaintiff asserted a FDUTPA claim based on alleged misrepresentations as to the characteristics of yacht engines. No. 14-24756-CIV, 2015 WL 1288146, at *6 (S.D. Fla. Mar. 20, 2015). The court dismissed the FDUTPA claim with prejudice because it arose from purchases outside Florida. *See id.* at *6 (dismissing FDUTPA claim because it "ar[o]se out of the sale of the goods, which occurred in Canada, not

Florida"). Like these cases, Plaintiff cannot assert a FDUTPA claim based on purchases outside Florida or on a nationwide basis.

Any attempt by Plaintiff to sidestep this fatal deficiency by urging the Court to delay addressing it until class certification should be rejected. Plaintiff already has two counts under FDUTPA, the only difference being that Count III.A attempts to impermissibly wrap in alleged purchases outside Florida. *Compare* Counts I and II (asserting FDUTPA claims on behalf of Plaintiff and a Florida class) *with* Count III.A (asserting FDUTPA claim on behalf of Plaintiff and a nationwide class). Moreover, this deficiency is evident from the face of the Amended Complaint, and it is thus appropriate for resolution at the pleading stage. *See Stein*, 2015 WL 1288146, at *6 (dismissing FDUTPA claim for purchases outside Florida with prejudice under Rule 12(b)(6)).[4]

Nor can Plaintiff hide behind inapposite cases allowing FDUTPA claims when, unlike here, the defendant was based in Florida and the acts or omissions giving rise to the claims occurred in Florida. For example, in *Karhu v. Vital Pharms., Inc.*, the court permitted a FDUTPA claim even though plaintiffs resided outside Florida because *the alleged misrepresentations* occurred in a store in Florida. No. 13-60768-CIV, 2013 WL 4047016, at *10 (S.D. Fla. Aug. 9, 2013). Likewise, in *F.T.C. v. Info. Mgmt. F., Inc.*, a Florida-based defendant placed unsolicited telephone calls *from Florida* to consumers

---

[4] Delaying addressing this apparent deficiency would not further judicial efficiency, as it would require the parties and the Court to conduct discovery on a nationwide scope, with no legal basis for it.

throughout the United States. No. 6:12-CV-986-ORL-31, 2013 WL 3323635, at *6-7 (M.D. Fla. June 28, 2013).

That is not the case here. Plaintiff does not allege Walmart is based in Florida. Rather, Plaintiff alleges Walmart is incorporated in Delaware with its principal offices located in Arkansas. (Doc. 56 ¶ 17). And any alleged misstatements in connection with out-of-state Walmart purchases occurred in the out-of-state stores where the purchases took place. Taking one of Plaintiff's alleged purchases in New Jersey, for instance, Plaintiff pleads that the "purchase [was] made . . . at the Walmart . . . in Hamilton, **New Jersey**," the "Price Sticker" **inside the New Jersey store** showed a unit price and weight, and Plaintiff was "overcharged" at the "check out" **in the New Jersey store**. (*Id*. ¶ 54 (emphases added)). Although Plaintiff alleges no facts regarding purchases in jurisdictions other than Florida, Connecticut, New Jersey, or New York, the relevant conduct would be the same in that it would take place at the location where the purchase occurred. Thus, all the relevant conduct in connection with any out-of-state purchases takes place exclusively outside Florida, and FDUTPA cannot extend to those purchases.

Plaintiff's new "nationwide" FDUTPA claim fails and Count III.A should be dismissed.[5]

---

[5] To the extent Plaintiff tries to salvage Count III.A by arguing that Plaintiff did purchase some products within Florida, any claim based on Florida purchases is already covered by Counts I and II. And those Florida purchases cannot be used to support a cause of action under FDUTPA for purchases made outside of Florida.

## II.   Counts III.B, III.C, and III.D Fail for Lack of Article III Standing.

A plaintiff may not establish Article III standing based on self-inflicted injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013); *see also I Tan Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1339 (11th Cir. 2021) ("[P]laintiffs cannot manufacture standing merely by inflicting harm on themselves.") (internal quotations omitted).[6] In *Tsao*, for example, plaintiff brought a class action against a restaurant following a mass data breach. *Id.* at 1335-36. There was no allegation that plaintiff's data was compromised, but plaintiff alleged he was nevertheless injured when he cancelled his credit cards after the breach. *Id.* The Eleventh Circuit affirmed dismissal because "plaintiffs cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* at 1344 (citing *Clapper*, 568 U.S. at 418). "To hold otherwise would allow an enterprising plaintiff to secure a lower standard for Article III standing. . . ." *Id.* at 1345.

Similarly, in *Wasser v. All Market, Inc.*, plaintiffs brought a class action alleging they were deceived by the representation on Vita Coco drinks that the drinks were "born in brazil." 329 F.R.D 464, 471 (S.D. Fla. 2018). The court dismissed, explaining that plaintiffs did not face imminent harm sufficient to confer Article III standing based on future purchases because "if and when the [p]laintiffs choose to purchase Vita Coco

---

[6] Setting aside whether Plaintiff can adequately allege the elements of these consumer protection statutes when he was not actually deceived, those statutes "cannot supplant Constitutional standing requirements." *Ramirez v. Kraft Heinz Foods Co.*, No. 22-CV-23782, 2023 WL 4788012, at *5 (S.D. Fla. July 27, 2023).

in the future, they will do so with knowledge that the 'born in brazil' slogan does not reflect the location the beverage was manufactured in or sourced from," and thus "any amount paid for those future purchases will be the result of an informed decision—not because the [p]laintiffs were deceived." *Id.*[7]

Here, Plaintiff's alleged injuries in New York, New Jersey, and Connecticut were self-inflicted, with every purchase Plaintiff made in those states occurring after this lawsuit was filed and thus the result of an "informed decision." *Id.* Plaintiff cannot be permitted to travel around the country buying products he believes or at least suspects are mislabeled to manufacture injury for more claims. He is just the sort of "enterprising plaintiff" the Eleventh Circuit warned against, and his claim should be dismissed for lack of Article III injury. *Tsao*, 986 F.3d at 1344.

Plaintiff also fails to adequately plead injury based on his purchases in New York, New Jersey, and Connecticut because he cannot plausibly allege he did not receive the benefit of his bargain. In *Ramirez v. Kraft Heinz Foods Co.*, plaintiff filed a class action alleging Kraft's microwaveable cups of mac and cheese were marketed as "ready in 3 ½ minutes" but took longer to prepare. *Ramirez*, 2023 WL 4788012, at *1. The court dismissed for lack of Article III standing because plaintiff "continued to pay the alleged price premium knowing that the [p]roduct was not actually capable of being ready for consumption in three and a half minutes." *Id.* at *3. Because plaintiff

---

[7] Though the alleged injuries in *Tsao* and *Wasser* were based on self-inflicted acts to mitigate future harm, the concept that plaintiffs cannot manufacture standing by knowingly and voluntarily taking on injury is equally applicable when, as here, the alleged harm is contemporaneous.

purchased the product knowing the truth, she received the "benefit of her bargain," and thus could plead no injury. *Id.* Likewise, here, Plaintiff bought weighted goods knowing about the alleged mismarking and thus cannot plausibly allege he did not receive the benefit of his bargain.[8]

Because Plaintiff cannot plausibly plead injury in New York, New Jersey, and Connecticut, Plaintiff lacks Article III standing and Counts III.B, III.C, and III.D should be dismissed.

### III. Count III.E Fails Because it is *Still* a Shotgun Pleading.

As the Court explained in dismissing Count III, there are "four rough types or categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Order at 13 (internal quotations omitted).

The Court dismissed Count III of the initial complaint, finding it fell within the first category because it "roll[ed] all of the preceding allegations, including allegations

---

[8] That *Ramirez* concerned a representation as to the product's characteristics while the representation in this case concerns the price makes no difference for purposes of the standing analysis. What matters is that Plaintiff knew about the alleged mismarking when he purchased the product.

contained in previous counts, into Count III." Order at 14. While the Amended Complaint may have cured that defect, Count III.E falls within the third category of shotgun pleadings because it purports to assert a single count for alleged violations of **34** state consumer protection statutes across 29 jurisdictions. And like the second category, Count III.E merely quotes language from each statute in bullet-point form, resulting in conclusory allegations that Walmart violated each statute with no fact allegations showing how Plaintiff can satisfy each element. This wholesale lumping together of 34 state statutes across 29 jurisdictions into a single count, supported only by generic, conclusory allegations, does not state a claim.

*Alvarez v. Lakeland Area Mass Transit Dist.* is on point. There, plaintiff attempted to bring a variety of workplace discrimination claims against her employer, and eight separate claims were lumped together under four counts. No. 8:19-cv-1044, 2019 WL 2868943, at *2 (M.D. Fla. July 3, 2019) (Covington, J.). The Court dismissed as a shotgun pleading because asserting such a "hodgepodge" of claims is "impermissible." *Id.* at *3. The Court should reach the same conclusion here.[9]

---

[9] *See also, e.g.*, *Rivera v. Feld Entm't, Inc.*, No. 8:20-cv-1526, 2020 WL 5423213, at *2 (M.D. Fla. Sept. 10, 2020) (Covington, J.) (when, as here, a claim "does not separate into a different count each cause of action or claim for relief," it constitutes an impermissible "shotgun pleading."); *Bailey v. Bell-Rich Transp., LLC*, No. 3:19-cv-461, 2020 WL 3440585, at *5 (M.D. Fla. June 23, 2020) (shotgun complaint committed the "sin of not separating into a different count each cause of action or claim for relief" when the fourth count alleged "three discrete causes of action" in the same count); *Keppel v. Nocco*, No. 8:20-cv-3003, 2021 WL 4391839, at *3 (M.D. Fla. Sept. 24, 2021) (second count constituted a shotgun pleading because it "lump[ed] together a variety of constitutional violations.").

11

GREENBERG TRAURIG, P.A.

**IV. Count III.E Fails for the Independent Reason that Plaintiff Cannot Assert Claims under the Laws of States Where He Made No Purchases.**

Count III.E also should be dismissed with prejudice for lack of standing. Plaintiff cannot assert claims under the laws of states where he alleges no purchases. *See Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Mgmt., Inc.*, No: 2:16-cv-206, 2017 WL 10604140, at *5 (M.D. Fla. Apr. 11, 2017) (a named plaintiff cannot assert claims "on behalf of a class unless one named plaintiff suffered the injury giving rise to the claim."); *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1369 (S.D. Fla. 2007) (dismissing with prejudice claims under "substantially similar consumer fraud laws of certain states"). In *Berry*, for example, plaintiffs brought a class action alleging that a vehicle rental company's practice of adding an additional cost recovery fee to the daily rental rate violated the consumer protection statutes of New Jersey, Florida, and North Carolina, as well as "substantially similar consumer fraud laws in certain other states." *Id.* at 1363. The court dismissed claims under the purportedly "substantially similar" consumer protection statutes because plaintiffs did not rent vehicles in states other than North Carolina and Florida and thus alleged no injury there. *Id.* at 1369.

The Court should reach the same result here. Just like the *Berry* plaintiffs could not assert claims under consumer protection statutes of states where they had not rented vehicles—even if those statutes were "substantially similar" to the laws of states where they did rent—Plaintiff cannot assert claims under consumer protection statutes

of states where he did not purchase any products with alleged price discrepancies.[10] *See Stone v. Crispers Rests., Inc.*, No. 6:06-cv-1086, 2006 WL 2850103, at *1 (M.D. Fla. Oct. 3, 2006) (dismissing claim brought under "wage-related laws of Alabama, . . . Georgia, South Carolina, and Tennessee" because the complaint contained no "suggestion [that plaintiff] ever resided or worked in any state other than Florida").[11]

## CONCLUSION

For the foregoing reasons, Walmart respectfully requests that the Court dismiss Count III of Plaintiff's Amended Complaint with prejudice and grant any further relief the Court finds just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

This certifies that Walmart's counsel conferred with Plaintiff's counsel regarding this Motion. Plaintiff's counsel opposes the relief requested herein.

---

[10] Nor can Plaintiff bootstrap his claims to hypothetical purchases by unidentified plaintiffs in those states as a basis for standing. *In re: Takata Airbag Prods. Liab. Litig.*, Master File Nos. 15–2599–MD–MORENO, 14–24009–CV–MORENO, 2016 WL 1266609, at *4, *6 (S.D. Fla. Mar. 11, 2016) (plaintiff "cannot rely on unidentified persons within those states to state a claim for relief."); *Snyder v. Green Roads of Fla. LLC.*, 430 F. Supp. 3d 1297, 1303 (S.D. Fla. 2020) ("Plaintiffs do not have standing to assert claims based on the marketing of products that they did not purchase," even if "the products and alleged misrepresentations are substantially similar.")

[11] *See also Lewis v. Mercedes-Benz*, 530 F. Supp. 3d 1183, 1205 (S.D. Fla. 2021) ("Plaintiffs here, however, do not have standing to assert an unjust enrichment claim under any state's law but their own . . . ."); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1371-72 (S.D. Fla 2001) (dismissing claims under state statutes where named plaintiff could not allege injury in those states); *Shabshelowitz v. Old Dominion Ins. Co.*, No. 18-10202-CIV, 2019 WL 5293814, at *6 (S.D. Fla. Aug. 9, 2019) (Plaintiff who did not make a purchase from a specific defendant did not have standing to assert claims against defendant "on behalf of the Purported Class of individuals who may have made a direct purchase."); *Arcure v. Kellogg Co.*, No. 2:10-cv-192, 2011 WL 13294631, at *2 (M.D. Fla. Mar. 29, 2011) ("Plaintiff's attempt to cite the injuries of others as a means of establishing standing must fail.").

Dated: August 10, 2023               Respectfully submitted,

*/s/ Christopher Torres*
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Raymond D. Jackson (FBN 1028350)
jacksonra@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary email: farrark@gtlaw.com;
FLService@gtlaw.com

Naomi G. Beer*
beern@gtlaw.com
**GREENBERG TRAURIG, LLP**
1144 15th Street, Ste. 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert J. Herrington*
robert.herrington@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (312) 586-7800

*Specially Admitted*

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Christopher Torres*
Christopher Torres
