# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## DEFENDANT WALMART INC.'S UNOPPOSED MOTION FOR STAY OF DEADLINE TO ANSWER AMENDED CLASS ACTION COMPLAINT

Defendant Walmart Inc. ("Walmart") respectfully moves for a stay of the deadline to file an Answer to the Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Vassilios Kukorinis ("Plaintiff"). In support of this motion, Walmart states as follows:

1. On July 6, 2023, the Court granted in part and denied in part Walmart's Motion to Dismiss Class Action Complaint. (Doc. # 52.)

2. On July 20, 2023, Plaintiff filed an Amended Complaint. (Doc. # 56.)

3. On August 10, 2023, Walmart filed its Motion to Dismiss Count III of the Amended Complaint, and on August 31, 2023, Plaintiff filed his Opposition. (Doc. # 60 and # 63.)

4. On September 22, 2023, Plaintiff and Walmart jointly submitted a Joint Status Report and Motion Notifying Court of Settlement-In-Principle and Requesting a Suspension of Deadlines and Ruling on the Partial Motion to Dismiss (the "Joint

Status Report"). (Doc. # 64.) In the Joint Status Report, the parties notified the Court that they had reached a settlement-in-principle and asked the Court to (1) suspend current litigation deadlines, and (2) hold in abeyance the decision on Walmart's partial motion to dismiss or, in the alternative, deny the motion without prejudice to Walmart being able to re-file. (*See id.*)

5. On September 23, 2023, the Court denied the parties' request to suspend current litigation deadlines. That same day the Court also denied Walmart's partial motion to dismiss without prejudice to Walmart being able to re-file. (Doc. # 65 and # 66.)

6. The Court's denial of Walmart's partial motion to dismiss without prejudice results in Walmart's Answer to the Amended Complaint being due on October 9, 2023. *See* Fed. R. Civ. P 12(a)(4)(A).

7. The parties are working diligently on preparing the formal settlement agreement and all attendant documentation. The parties are exchanging drafts of the settlement agreement and working on issues related to filing the motion for preliminary approval, including the parameters of notice to the putative class members. The parties presently intend to file the settlement documentation, accompanied by a motion requesting preliminary approval of the settlement pursuant to Federal Rule of Civil Procedure 23(e) by November 16, 2023.

8. In light of these unique circumstances, Walmart respectfully submits that it would not make sense for Walmart to be required to file an Answer to the Amended Complaint at this time. The Amended Complaint is 117 pages and contains 250

separately numbered paragraphs (not counting subparts). As such, preparing the Answer will require significant resources and will distract Walmart and as result will also distract the parties from focusing on the settlement.

9. Indeed, even in the unlikely event that the proposed settlement is not approved by the Court, Walmart would at that time renew its prior partial motion to dismiss that the Court denied without prejudice, which would automatically stay the deadline to answer the Amended Complaint until after the partial motion to dismiss was ruled upon. *See, e.g.*, *Jacques v. First Liberty Ins. Corp.*, No. 8:16-CV-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016); *Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30 RVEMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007).

10. Accordingly, to avoid the unnecessary expenditure of resources, Walmart requests that the Court enter an order staying the deadline for Walmart to file an Answer to the Amended Complaint while the parties continue diligently working to finalize the settlement agreement and attendant documentation, with the stay continuing during the time the Court considers the forthcoming motions for preliminary and final approval, and that Walmart only be required to answer the Amended Complaint in the event that the settlement is not finally approved by the Court.

11. Walmart has conferred with Plaintiff's counsel, and Plaintiff's counsel does not oppose the relief requested.

12. This motion is made in good faith and is not intended to hamper or delay the prosecution of this cause. As demonstrated above, Walmart has good cause for

this motion. Ordering a stay of the deadline to answer the Amended Complaint will serve the court's goals of efficiency and preserving resources, as it will avoid the need to prepare and file an unnecessary pleading. Neither the parties nor the Court will be prejudiced by the relief requested.

13. In the alternative, should the Court deny Walmart's request for a stay of the deadline to file an Answer to the Amended Complaint, Walmart respectfully requests that the Court grant Walmart an enlargement of time to file an Answer until November 30, 2023.

**WHEREFORE**, for the foregoing reasons, Walmart respectfully requests that the Court enter an Order granting this motion, granting a stay of the deadline to Answer the Amended Complaint and that Walmart only be required to answer the Amended Complaint in the event that the settlement is not finally approved by the Court , and granting any such other relief as the Court deems just and proper. In the alternative, should the Court deny Walmart's request for a stay of the deadline to file an Answer, Walmart respectfully requests that the Court grant Walmart an enlargement of time to file an Answer until November 30, 2023.

## LOCAL RULE 3.01(g) CERTIFICATION

This certifies that Walmart's counsel conferred with Plaintiff's counsel regarding this Motion and Plaintiff's counsel does not oppose the relief requested herein.

Dated: October 5, 2023

Respectfully submitted,
*/s/ Raymond D. Jackson*
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Raymond D. Jackson (FBN 1028350)
jacksonra@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary email: farrark@gtlaw.com;
FLService@gtlaw.com

Naomi G. Beer*
beern@gtlaw.com
**GREENBERG TRAURIG, LLP**
1144 15th Street, Ste. 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert J. Herrington*
robert.herrington@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (312) 586-7800

*Specially Admitted*

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Raymond D. Jackson*
Raymond D. Jackson