# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## JOINT MOTION TO STAY

COME NOW, the Parties in this Action, hereby respectfully requesting that, other than proceedings with respect to the proposed Settlement, the Court enter an order to stay the Action. Plaintiff filed with the Court today (at Dkt. 71) a Motion for Preliminary Approval of the Class Action Settlement, which attaches and seeks preliminary approval of a proposed Settlement that, subject to Court approval, will resolve all claims asserted in the Action against Defendant by Plaintiff and on behalf of the putative class. Accordingly, a stay of all deadlines in the Action is necessary and timely.

As grounds hereto, the Parties state as follows:

1.    On September 22, 2023, the Parties immediately notified the Court that they had reached a settlement-in-principle to resolve all claims asserted in the Action. *See* Dkt. No. 64; *see also* Middle District of Florida Local Rule 3.09(a) ("The parties must immediately file a notice after agreeing to resolve all or part of a civil action, even

if the resolution is contingent or unwritten."). The Parties also sought at that time a stay of discovery and pre-trial deadlines in order to focus their resources on memorializing the terms of the settlement and to prevent expenditure of the Parties' resources and judicial resources on a case that was settled in principle.

2.  On September 23, 2023, the Court entered an order denying Walmart's then-pending partial motion to dismiss without prejudice to Walmart being able to re-file its motion (Dkt. 65). However, the Court did not grant "at this juncture" the Parties' request to stay the Action. (Dkt. 66, "While the Court is pleased that the parties believe that they have resolved the case, the Court will not stay the matter at this juncture.")

3.  On October 5, 2023, Walmart filed a Motion to Stay the Deadline for it to Answer the Amended Class Action Complaint (Dkt. 66). On October 6, 2023, the Court extended Walmart's deadline to answer the Amended Complaint until November 30, 2023, "so that the parties may prioritize finalizing the settlement agreement." (Dkt. 67.)

4.  Since September 22, 2023, among other things: (a) the Parties diligently negotiated and prepared the formal settlement agreement and all attendant documentation, including a form of proposed preliminary approval order, notice of settlement, summary notice of settlement, and form of final judgment; (b) Plaintiff conducted a rigorous bid process in order to select the proposed claims administrator for the proposed settlement and worked extensively with that administrator to prepare the plan for providing notice to the settlement class; and (c) the Parties conducted

additional discovery and exchanged information to aid in the preparation of the formal Settlement Agreement.

5. In sum, the Parties have reached a proposed Settlement and finalized the Settlement Agreement. As discussed in detail in Plaintiff's Motion, the Settlement Agreement memorializes the terms on which the Parties have agreed to settle this Action, subject to first preliminary and then final approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement under Fed. R. Civ. P. 23(e). The Settlement Agreement is Exhibit A to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (Dkt. 71).

6. District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets particularly where, as here, a stay is warranted, prevents the unnecessary expenditure of time and resources by the Parties, and would promote judicial economy and efficiency. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706, (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

7. The Parties' request is reasonable and there is good cause for granting the stay requested. Having reached a proposed Settlement, the Parties should, and have the mutual desire to, avoid unnecessary effort and expense (including with respect to

incurring experts' fees, costs of further discovery, and attorneys' fees). Furthermore, having reached a proposed Settlement and entered into a Settlement Agreement, the Parties should not be filing or exchanging adversarial pleadings and motions, and exchanging competing expert reports, while determination of whether the proposed Settlement should be finally approved pursuant to Fed. R. Civ. P. 23(e) is pending. In addition, courts stay discovery and pre-trial deadlines pending the court's consideration of preliminary and final approval of a class action settlement and do so even prior to the parties having filed a formalized settlement agreement or motion for preliminary approval, both of which have now occurred here. *See, e.g.*, *Connor v. Permanent Gen. Assurance Corp.*, No. 20-81979-CIV, 2023 U.S. Dist. LEXIS 6761, at *4 (S.D. Fla. Jan. 13, 2023) (Court noted various orders entered, including, upon notification from the parties of an agreement in principle to settle the action, an order staying deadlines (D.E. 144) while the parties finalized the settlement papers and filed a motion for preliminary approval.).[1]

---

[1] *See also Exum v. Nat'l Tire & Battery*, No. 9:19-cv-80121-WM, 2020 U.S. Dist. LEXIS 60284, at *4 (S.D. Fla. Apr. 6, 2020) ("The [c]ourt has stayed all pending deadlines while the [p]arties worked on finalizing the settlement. *See* [DE 92]."); *Easterwood v. Sedgwick Claims Mgmt. Servs.*, No. 6:19-cv-700-Orl-78LRH, 2020 U.S. Dist. LEXIS 256856, at *22 (M.D. Fla. June 16, 2020) (staying a case so "the parties can focus on trying to resolve this case in its entirety through either settlement negotiations or the use of a mediator."); *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2016 U.S. Dist. LEXIS 50315, at *19 (S.D. Fla. Apr. 13, 2016) ("The parties announced their settlement to the Court on May 13, 2015, and, as noted above, the Court then stayed litigation pending settlement approval. [ECF Nos. 222; 223]. The parties documented their agreement in a memorandum of understanding in the weeks that followed, and subsequently finalized the settlement agreement. [ECF No. 241-1].)"; *Haynes v. Shoney's*, No. 89-30093-RV, 1993 U.S. Dist. LEXIS 749, at *14 (N.D. Fla. Jan. 25, 1993) ("[S]hortly after this case was commenced, the parties jointly moved for, and the court ordered, a stay of all litigation activity in order to permit the parties to exchange information pertinent to settlement negotiations and to attempt to negotiate a settlement."); *Waters v. Cook's Pest Control, Inc.*, No. 2:07-cv-00394-LSC, 2012 U.S. Dist. LEXIS 99129, at *5 (N.D. Ala. July 17, 2012) ("On December 7, 2010, the Court granted the parties' joint motion to stay this action pending mediation.").

8. Accordingly, based on the foregoing, the Parties respectfully request that, other than proceedings with respect to the proposed Settlement, the Court order that all litigation is stayed pending final determination of whether the proposed Settlement should be finally approved pursuant to Fed. R. Civ. P. 23(e), and that the Court's order specifically direct that:

> (1) Current litigation deadlines provided for in the August 7, 2023 Case Management and Scheduling Order, Dkt. 58 are stayed;
>
> (2) The deadline for Walmart to answer the Amended Complaint set forth by the Court in Dkt. 68 is stayed; and
>
> (3) The Parties are granted leave to cancel the mediation with the Honorable Gregory Holder, which was set by the Court's August 17, 2023 Order, Dkt. 62.

The Parties are available, at the Court's convenience, to address any questions that the Court may have about this Motion to Stay.

Dated: November 16, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Kimberly M. Donaldson-Smith* <br> Kimberly M. Donaldson-Smith <br> Kds@chimicles.com <br> Nicholas E. Chimicles <br> Nec@chimicles.com <br> Zachary P. Beatty <br> Zpb@chimicles.com <br> **Chimicles Schwartz Kriner &** <br> **Donaldson-Smith LLP** <br> 361 W. Lancaster Avenue <br> Haverford, PA 19041 | */s/ Christopher Torres* <br> Christopher Torres (FBN 0716731) <br> torresch@gtlaw.com <br> Raymond D. Jackson (FBN 1028350) <br> jacksonra@gtlaw.com <br> **GREENBERG TRAURIG, P.A.** <br> 101 E. Kennedy Blvd., Ste. 1900 <br> Tampa, Florida 33602 <br> Telephone: (813) 318-5700 <br> Facsimile: (813) 318-5900 |

Telephone: (610) 642-8500
Fax: (610) 649-3633

*Attorneys for Plaintiff Vassilios Kukorinis*

Secondary email: farrark@gtlaw.com; FLService@gtlaw.com

Naomi G. Beer
beern@gtlaw.com
**GREENBERG TRAURIG, LLP**
1144 15th Street, Ste. 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert J. Herrington
robert.herrington@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East Suite 1900 Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (312) 586-7800

*Attorneys for Defendant Walmart Inc.*

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that the Parties have conferred and agreed to submit this Motion jointly.

                              <u>*/s/ Kimberly M. Donaldson-Smith*</u>
                              Attorney