UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

Case No. 8:22-cv-02402-VMC-TGW

**PLAINTIFF'S SUPPLEMENTAL SUBMISSION REGARDING NOTICE AND AN UPDATED PROPOSED PRELIMINARY APPROVAL ORDER SUBMITTED IN SUPPORT OF THE CLASS ACTION SETTLEMENT**

This Supplemental Submission is filed in accordance with Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement[1] at pages 2-3, 30 (Dkt. No. 71, "Plaintiff's Motion") and pursuant to the Court's November 29, 2023 Order.

*First, Plaintiff hereby informs the Court of the number of email addresses to which direct Email Notice will be sent.* As detailed in Plaintiff's Motion at pages 11-12, 27-30 and in the Notice Plan Decl. (Dkt. No. 71-4) at ¶¶17-66, the Notice Plan provides that (among other things, including a robust digital media campaign) the Email Notice will be sent directly, by email, to Walmart customers who are likely to have purchased

---

[1] Unless otherwise stated or defined, all capitalized terms used herein have the definitions provided in the Stipulation and Agreement of Settlement ("Agreement" or "SA ¶ _").

1

Weighted Goods and Bagged Citrus at a Walmart Store during the Settlement Class Period.

Identification of customers' email addresses was a time-consuming process undertaken by Walmart, particularly due to the volume of the data being queried by Walmart. Walmart was able to identify for this Action, based on records reasonably available to it, one or more email addresses potentially associated with persons who may have purchased Weighted Goods and/or Bagged Citrus items at a Walmart Store during the Settlement Class Period.

Walmart has provided the Claims Administrator with a data file containing 81,429,269 unique records, with each record containing a customer's first name, last name, at least one email address, and a unique customer ID ("Unique Records"). *See* Supplemental Declaration of Steven Weisbrot, Esq. re: Proposed Notice Plan, filed concurrently herewith ("Suppl. Weisbrot Decl."), at ¶¶4-5. The Claims Administrator has reviewed the file and data provided by Walmart. *Id.*[2] The Claims Administrator identified a total of 134,131,376 unique email addresses associated with the approximately 81 million Unique Records; there are more email addresses than unique customers because Walmart identified from their records more than one email address for some customers. *Id.* at ¶6.

---

[2] For purposes of sending Notice and the effective administration of Claim Forms, the Claims Administrator will assign each Unique Record a Notice Identification number that is unique to the individual for purposes of submitting their claim, and then for tracking their claim, as part of the proposed Settlement (the "Unique Notice ID"). *Id.* at ¶¶5, 12.

In the manner described below, the Claims Administrator will send Email Notices to over 81 million email addresses, with the objective of reaching the more than 81 million Walmart customers identified in the data, to notify them of the proposed Settlement, and their options to participate in the Settlement, and to provide them with a direct link through which they can submit their Claim Form. The number of customer email addresses, and thus the magnitude of the direct Email Notice plan being conducted in this Settlement, is exceptional.[3] *See* Plaintiff's Motion at pages 27-30. As intended by Class Counsel, the use of direct Email Notice here will maximize Settlement Class Members' participation in the Settlement.[4]

***Second, Plaintiff hereby informs the Court of the start and end dates for disseminating the Email Notice and the Reminder Email.*** As detailed in Plaintiff's Motion at pages 11-12, 27-30, in the Notice Plan Decl. (Dkt. No. 71-4) at ¶¶23-32, and in the Suppl. Weisbrot Decl. at ¶¶7-12, the direct Email Notice[5] will be disseminated as follows, subject to the Court granting preliminary approval of the proposed Settlement and entering the proposed Updated Preliminary Approval Order, which is attached as Exhibit 1 hereto:

    (a) First, the Claims Administrator will conduct an email cleansing and validation process that is applied to all 134 million unique email addresses;

---

[3] The Claims Administrator has significant experience disseminating emailed Notice to email recipients comparable in volume to what is involved in this Notice Plan. Suppl. Weisbrot Decl. at ¶11.

[4] Requiring direct email notice (the first time in a Walmart consumer class action settlement of this magnitude) was a significant Settlement term negotiated and insisted upon by Plaintiff.

[5] The Email Notice was attached as Exhibit B to the Notice Plan Decl., Dkt. 71-4, and described therein at ¶¶26-31. *See also*, Plaintiff's Motion at pages 11-12, 27-30.

among other things, the emails will be compared to known bad email addresses and will be verified as currently in existence. Suppl. Weisbrot Decl. at ¶¶7-10. The Claims Administrator expects that process will take up to three weeks to complete. *Id.* ¶10. Contemporaneously, the Claims Administrator will also, as described in the Notice Plan Declaration, prepare and finalize all necessary components for the comprehensive Media Notice (*see* Dkt. 71-4 at ¶¶33-53), the Settlement Website, and the toll-free telephone line (*id.* at ¶¶55-60).

(b) Then, beginning <u>30 days after the entry of the PAO</u>, the Claims Administrator will start sending direct Email Notices to a valid email address for each Unique Record, in the manner detailed in the Notice Plan Declaration (*see id*. at ¶¶29-31). For example, the Claims Administrator strategically staggers the release of emails, starting with a smaller number of emails and gradually increases the volume of emails sent to a given domain. *Id.* Based on the Claims Administrator's experience, this form of "priming" or "warming up" minimizes the probability of ISPs[6] blocking the emails. *Id. See also* Suppl. Weisbrot Decl. ¶¶10-13. If the Claims Administrator's validation process identifies an email address that no longer exists, or an Email Notice is identified as not having been delivered, and there is an additional email address in the data for that Unique Record, the Claims Administrator will then cause the Email Notice to be sent

---

[6] The term "internet service provider (ISP)" refers to a company that provides access to the internet to both personal and business customers, and may provide other services, including email services, domain registration, web hosting, and browser packages. https://www.investopedia.com/terms/i/isp.asp (last visited 1.8.2024).

to that alternate email address. *Id.* The Claims Administrator will repeat that process, as necessary, for those individuals who Walmart provided multiple email addresses. *Id.* The Claims Administrator has allotted <u>45 days to complete the emailing of the direct Email Notices</u>.[7]

(c) Also beginning <u>30 days after the entry of the Preliminary Approval Order</u>, the Claims Administrator will commence the comprehensive Media Notice (*see* Notice Plan Decl. at ¶¶33-53) and launch the Settlement Website and the toll-free telephone line (*id.* at ¶¶55-60). *See also,* Suppl. Weisbrot Decl. ¶14.

(d) Next, to remind Settlement Class Members of the settlement-related deadlines, including the deadline by which they need to file their Claim Form, approximately three days after the direct Email Notice is completed, the Claims Administrator will begin a staggered dissemination of Reminder Email Notices (Exhibit C to Notice Plan Decl., Dkt. 71-4) to the valid email addresses used for the direct Email Notice. Suppl. Weisbrot Decl. ¶10. The Claims Administrator has allotted 35 days to complete the emailing of the Reminder Email Notices.

---

[7] The Claims Administrator has advised that disseminating Email Notice in this manner and using a Unique Notice ID will have several pragmatic advantages, such as: (a) Reducing the number of duplicative claims submitted by a Settlement Class Member who may receive multiple notices; (b) Reducing administrative costs in sending duplicate Notices and in processing duplicate Claims from the same Settlement Class Member, which ultimately results in more money available to pay Settlement Class Members who submit timely and valid claim forms; and (c) Avoiding the creation of unnecessary confusion amongst Settlement Class Members. Suppl. Weisbrot Decl. ¶12.

Therefore, in sum, 30 Days after the Court signs and enters the proposed Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall commence dissemination of direct Email Notice, which will be completed in approximately 45 Days.

*Third, Plaintiff attaches hereto as Updated Exhibit 1* an updated [Proposed] Order Preliminarily Approving Settlement and Providing for Notice. The PAO was updated solely to identify the proposed Settlement-related deadlines and timing for the Final Approval Hearing. The Updated PAO provides as follows:

(1) **PAO ¶11**: **thirty (30) Days** after the Court signs and enters the proposed PAO (the "Notice Date"), the Claims Administrator shall commence dissemination of direct Email Notice, commence the digital and media notice as set forth in the Notice Plan, and cause the Settlement Website to go-live.

(2) **PAO ¶12**: **thirty (30) Days** after the Court signs and enters the proposed PAO, the Claims Administrator shall cause the publication over PRNewswire of the Summary Notice, and **ninety (90) Days** after the Court enters the proposed PAO, shall publish notice of the Settlement in *People* Magazine.

(3) **PAO ¶17**: Claim Forms must be postmarked or submitted electronically no later than **seven (7) Days prior to the Final Approval Hearing** (the "Claim Filing Deadline").

(4) **PAO ¶5**: Plaintiff requests that the Final Approval Hearing be scheduled for a date that is approximately **145 calendar days from the date the Court**

**enters the Preliminary Approval Order**.

(5) The PAO already identified deadlines for other Settlement-related events, *e.g.* (a) thirty-five Days before the Final Approval Hearing, Plaintiff shall file all opening briefs and supporting documents in support of the Settlement and Plaintiff's Attorneys' Fees, Costs, and Expenses (PAO ¶32); (b) a Settlement Class Member has up to twenty-one Days prior to the Final Approval Hearing to opt-out, or to object to the Settlement or Class Counsel's application for Attorneys' Fees, Costs, and Expenses (PAO ¶¶23-24; SA ¶¶9-10); and, (c) Plaintiff's replies to any objections shall be filed and served seven Days before the Final Approval Hearing (PAO ¶32).[8]

For the Court's convenience, Plaintiff has attached as Exhibit 2 hereto a table illustrating the timeline of events detailed in the Updated PAO.

The proposed timing of 145 calendar days between the entry of the Updated PAO and the Final Approval Hearing gives the Claims Administrator ample time to effectuate the robust email cleaning and validation processes, effectively disseminate the Email Notice to over 81 million email addresses, conduct the comprehensive Media Notice described in the Notice Plan Declaration, and effectively disseminate the Reminder Email Notice. Suppl. Weisbrot Decl. ¶13.

---

[8] Thus, the Settlement Class Members will have the benefit of Plaintiff's motion in support of final approval of the Settlement and application for an award of Attorneys' Fees, Costs, and Expenses, both of which will be filed with the Court (and put on the Settlement Website) in advance of the opt-out and objection deadlines. PAO ¶¶ 24, 32.

And, importantly, the proposed schedule, including scheduling the Final Approval Hearing 145 calendar days after the entry of the PAO, provides Settlement Class Members, from the day the last direct Email Notice is sent by the Claims Administrator, approximately 49 days to opt-out or object to the proposed Settlement and approximately 63 days to file and meet the Claim Filing Deadline. As the Eleventh Circuit has noted: "Courts have consistently held that 30 to 60 days between the mailing (or other dissemination) of class notice and the last date to object or opt out, coupled with a few more weeks between the close of objections and the settlement hearing, affords class members an adequate opportunity to evaluate and, if desired, take action concerning a proposed settlement." *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 634 (11th Cir. 2015) (citations omitted). The Court of Appeals then held that a forty-five day period to submit a claim, opt-out, or object was reasonable. *Id.* In addition, the exclusion, objection and claim form deadlines in the proposed PAO are consistent with other comparable settlements that the Claims Administrator has administered. Suppl. Weisbrot Decl. ¶13.

For all the foregoing reasons, and those set forth in Plaintiff's Motion, Plaintiff respectfully requests that the Court enter the proposed PAO: (1) preliminarily approving the proposed Settlement; (2) certifying the proposed Settlement Class for Settlement purposes only; (3) appointing Class Counsel and Plaintiff to represent the Settlement Class; (4) appointing Angeion Group as the Claims Administrator; (5) approving the Notice Plan; (6) establishing procedures for Settlement Class Members to opt-out or to object; and, (7) setting the settlement-related deadlines and scheduling

the Final Approval Hearing.

Dated:  January 9, 2024

Respectfully submitted,

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
Kimdonaldsonsmith@chimicles.com
Nicholas E. Chimicles
Nick@chimicles.com
Zachary P. Beatty
Zpb@chimicles.com
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633

*Attorneys for Plaintiff and the Putative Class*

## LOCAL RULE 3.01(g) CERTIFICATION

This certifies that Plaintiff's counsel conferred with Walmart's counsel regarding this Motion and Walmart's counsel does not oppose the relief requested herein.

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024 the foregoing document was served on Defendant's counsel by the Court's electronic filing system.

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith