# UPDATED EXHIBIT 1

*Exhibit 1 to Settlement Agreement*
**EXECUTION VERSION- 1/8/2024 updated**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br><br>    *Defendant.* | CASE NO. 8:22-CV-02402-VMC-TGW |

# [PROPOSED] ORDER
# PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

**WHEREAS**, an action is pending before this Court entitled *Kukorinis v. Walmart Inc.*, No. 8:22-CV-02402-VMC-TGW (M.D. Fla.) ("Litigation");

**WHEREAS**, Plaintiff has made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation and Agreement of Class Action Settlement dated as of November 15, 2023 ("Agreement" or "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

**WHEREAS**, unless otherwise defined, all terms used herein have the same

meanings as set forth in the Settlement Agreement.

**WHEREAS**, the Court preliminarily finds that the proposed Settlement should be approved as:

(i) the result of informed, serious, extensive arm's-length and non-collusive negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(ii) eliminating the risks to the Parties of continued litigation;

(iii) has no obvious deficiencies;

(iv) it does not provide undue preferential treatment to the Settlement Class Representative or segments of the Settlement Class; and

(v) it appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has reviewed the Settlement Agreement and preliminarily approves the Settlement set forth therein as fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court preliminarily certifies

the following Settlement Class: means all Persons who Purchased Weighted Goods and/or Bagged Citrus in-person at a Walmart retail store, supercenter, or neighborhood market in the United States or Puerto Rico ("Walmart Store") during the Settlement Class Period. Excluded from the Settlement Class are: (1) the judges presiding over this Litigation and members of their direct families; (2) Walmart Inc.'s directors, officers, and executives; (3) Class Counsel; and (4) Settlement Class Members who submit a valid and timely Opt-Out Request approved by the Court.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiff's claims are typical of those of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class's interests and will continue to do so; (e) questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff is preliminarily certified as Class Representative and Kimberly M. Donaldson-Smith, Nicholas E. Chimicles, and Zachary P. Beatty of Chimicles Schwartz Kriner & Donaldson-Smith, LLP is

3

preliminarily certified as Class Counsel.

### Final Approval Hearing

5.  A hearing ("Final Approval Hearing") shall be held before this Court on _____, 2024 [a date approximately **145 calendar days** from the date of this Order], at the United States District Court for the Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to determine: whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved; whether the proposed Judgment and Order of Dismissal should be entered; whether the Settlement Class should be finally certified for purposes of the Settlement only; whether Plaintiff and Class Counsel should be finally appointed as Class Representative and Class Counsel, respectively, for purposes of the Settlement only; the amount of Attorneys' Fees, Costs, or Expenses to be awarded to Class Counsel; and, such other matters relating to this Settlement as may properly be before the Court.

6.  The Court may adjourn the Final Approval Hearing, or hold the hearing electronically via Zoom, without further notice to Settlement Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 5 and any new date / time will be promptly posted on the Settlement Website upon being ordered.

7.  The Court retains jurisdiction to consider all applications arising out of or connected with the proposed Settlement.

8. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

**Notice and Claims Administration**

9. Pursuant to Fed. R. Civ. P. 23(c), the firm of Angeion Group is hereby appointed to supervise and administer the Notice Plan as well as the processing of Claims as more fully set forth below ("Claims Administrator").

10. The Notice Plan, including the form of the notices and methods for notifying the Settlement Class of the Settlement and its terms and conditions, and the Attorneys' Fees, Costs and Expenses to be sought by Class Counsel:

   a. meet the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)) the United States Constitution (including the Due Process Clause), and the Rules of this Court;

   b. constitute the best notice to Settlement Class Members practicable under the circumstances;

   c. are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings,

5

rulings, orders and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class; and,

d. are reasonable and constitute due, adequate and sufficient notice to all Persons entitled thereto.

11. Not later than **thirty (30) Days** after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall:

a. commence dissemination of direct notice as set forth in the Notice Plan;

b. commence digital and media notice as set forth in the Notice Plan;

c. cause the Settlement Website (www.WalmartWeightedGroceriesSettlement.com) to go live and post on the Settlement Website the Settlement Agreement and exhibits, including the Notice and Claim Form, substantially in the form of Exhibits 1A and 1B, hereto.

12. Not later than **thirty (30) Days** after the Court signs and enters this Order, the Claims Administrator shall cause the publication over PRNewswire the Summary Notice substantially in the form of Exhibit 1C, hereto, and no later than **ninety (90) Days** after the Court signs and enters this Order publish notice of the Settlement in *People* Magazine, as set forth in the Notice Plan.

13. At least seven (7) Days prior to the Final Approval Hearing, Class Counsel shall serve on Walmart's Counsel and file with the Court proof, by affidavit or declaration, of effectuating the Notice Plan in accordance with ¶¶9-12.

14. All Notice and Administration Costs shall be paid promptly and on a non-recourse basis from the Class Settlement Fund upon Class Counsel's receipt of invoices from the Claims Administrator. All Taxes and Tax Expenses shall be paid promptly and on a non-recourse basis from the Class Settlement Fund.

### Effect of the Judgment and Order of Dismissal

15. All Settlement Class Members (which excludes Persons who timely and validly request exclusion pursuant to ¶ 23 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Settlement Class regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Claim Form or any similar document, any distribution from the Class Settlement Fund or the Net Class Settlement Fund.

### Claim Form

16. Class Members who wish to participate in the Settlement shall complete and submit a Claim Form (Exhibit 1B hereto) in accordance with the terms of the Settlement Agreement and the instructions contained in the Claim Form.

17. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than **seven (7) Days prior to the Final Approval Hearing**.

18. Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator, including by promptly responding to any

inquiry made by the Claims Administrator. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Class Settlement Fund but shall nonetheless be bound by entry of the Judgment by the Court. Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Class Settlement Fund to Approved Claimants is not materially delayed thereby, but shall not incur any liability for declining to do so.

19. The Claim Form submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner; (ii) to the extent applicable, it must be accompanied by adequate supporting documentation as identified in Claim Form; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included therein; (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) it must be signed under penalty of perjury.

20. Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such Claim is valid, deficient, or rejected. For each Claim determined to be either deficient or rejected, the Claims Administrator shall notify the Settlement Class Member of the deficiencies ("Deficiency Notice") and give the Settlement Class Member twenty-one (21) Days to cure the deficiencies by

informing the Claims Administrator of the reasons the Claimant contests the rejection along with supporting documentation. The Deficiency Notice shall be sent via e-mail, unless the Claimant did not provide an e-mail address, in which case it shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Claims Administrator, fails to do so, the Claims Administrator shall notify the Settlement Class Member of that determination within a reasonable time. The Settlement Administrator may consult jointly with Class Counsel and Defense Counsel in making such determinations. The Deficiency Notice will inform the Claimant that if an issue concerning a Claim cannot otherwise be resolved, the Claimant may thereafter present the request for review to the Court.

21. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing any Claim Form.

22. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted, and shall, upon the Effective Date, release all Released Claims as provided in the Settlement Agreement.

**Request for Exclusion**

23. Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.

    a. Any such Person must submit to the Claims Administrator a request for exclusion ("Opt-Out Request"), by First-Class Mail such that it is postmarked no later than twenty-one (21) calendar days before the Final

9

      Approval Hearing ("Opt-Out Deadline").

b. An Opt-Out Request must (i) be signed; (ii) state the full name, current address, email address, and telephone number of the Person requesting exclusion; and (iii) contain a statement that the Person wishes to be excluded from the Settlement Class. The Opt-Out Request shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

c. The Claims Administrator may invalidate mass-generated Opt-Out Requests. "Mass" or "class" requests for exclusion will not be allowed unless signed by each Settlement Class Member who seeks to opt out.

d. All Persons who submit valid and timely Opt-Out Request in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Class Settlement Fund, and shall not be bound by the Settlement Agreement or any Final Judgment. Walmart retains any defenses to such excluded claims

e. Settlement Class Members may not submit both an Opt-Out Request and a Claim Form. If a Settlement Class Member submits both an Opt-Out Request and a Claim Form, the Claim Form will govern and the Opt-Out Request will be considered invalid.

f. The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties on

a weekly basis. Seven (7) days after the Opt-Out Deadline, the Claims Administrator shall provide to counsel for Defendant and Class Counsel a complete list of the names and addresses of the members of the Settlement Class who have opted out.

**Commenting on or Objecting to the Settlement**

24. A Settlement Class Member who does not submit a timely and valid Opt-Out Request may comment on or object to the Settlement on or before twenty-one (21) calendar days before the Final Approval Hearing (the "Objection Deadline") by: (i) filing such objections, papers, and briefs with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, and (ii) serving by first-class mail copies of the same papers upon Counsel for the parties:

> Kimberly M. Donaldson-Smith
> Chimicles Schwartz Kriner & Donaldson-Smith, LLP
> One Haverford Centre
> 361 West Lancaster Avenue
> Haverford, PA 19041
>
> and
>
> Naomi G. Beer
> Greenberg Traurig, LLP
> 1144 15th Street, Ste. 3300
> Denver, Colorado 80202

25. The objection must (a) be personally signed by the Settlement Class Member; and, (b) include the following information: (i) the full name, current address, and current telephone number of the Settlement Class Member; (ii) documentation

11

sufficient to establish membership in the Settlement Class; (iii) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position and objection; and (iv) copies of any other documents that the objector wishes to submit in support of his/her/its position. In addition, the objecting Settlement Class Member must identify any previously filed objections filed by the Settlement Class Member and/or his/her/its counsel in any state or federal court. This listing must contain (i) the name of the case; (ii) the case number; (iii) the court in which the objection was filed; and (iv) the outcome of the objection.

26. The objection must be filed with the Court and received (not just postmarked) by the Parties' Counsel on or before the Objection Deadline.

27. The Court will consider a Settlement Class Member's objection only if the Settlement Class Member has complied with the above requirements.

28. Any Settlement Class Member who does not provide a notice of intention to appear in complete accordance with the deadlines and other specifications set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement and the Notice, subject to the approval of the Court, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

29. Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth above will be deemed to have waived any objections to the Settlement and are forever foreclosed from making any

Exhibit 1 to Settlement Agreement
EXECUTION VERSION- 1/8/2024 updated

objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of Attorneys' Fees, Costs or Expenses.

30. Attendance at the Final Approval Hearing is not necessary. Subject to approval of the Court, any objecting Settlement Class Member may appear in person or by counsel at the Final Approval Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petition for Attorneys' Fees, Costs, and Expenses. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing must, by the Objection Deadline, file with the Court a written notice of objection and a notice of intention to appear at the Final Approval Hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court at the Final Approval Hearing.

### Escrow Account

31. All funds held by the Escrow Agent in the Escrow Account shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, Judgment, and/or further order(s) of the Court.

### Filings in Support of the Settlement

32. All opening briefs and supporting documents in support of the Settlement

and Plaintiff's Attorneys' Fees, Costs, and Expenses, shall be filed and served by a date thirty-five (35) Days before the Final Approval Hearing. Replies to any objections shall be filed and served a date seven (7) Days before the Final Approval Hearing.

### Notice and Claims Administration Expenses

33. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Escrow Account and Class Settlement Fund, shall be paid as set forth in the Settlement Agreement. If the Settlement is not approved by the Court or the Effective Date otherwise does not occur, neither Plaintiff nor its Counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶5.2(a)-(b) of the Stipulation.

### No Admissions

34. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed an admission or concession by any Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Litigation, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

35. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal,

except in connection with any proceeding to enforce the terms of the Stipulation. The Released Parties and each of their counsel may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### Additional Matters

36. If the Settlement and Settlement Agreement are not approved or consummated for any reason whatsoever, the Settlement, Settlement Agreement, and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante* as set forth in ¶17.1 of the Stipulation.

37. Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and Settlement Agreement. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiff nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against Walmart, any action or proceeding in any court or tribunal asserting any of the Released Claims.

38. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

*Exhibit 1 to Settlement Agreement*
**EXECUTION VERSION- 1/8/2024 updated**

**IT IS SO ORDERED.**

DATED: _____        _____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE