UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **VASSIOLIOS KURKORINIS**, on behalf of himself and and any others similarly situated )<br><br>Plaintiff )<br>v. )<br>**WALMART INC.** )<br>Defendant. ) | No. 8:22-cv-02402-VMC-TGW |

**MOTION BY DANA ALBRECHT TO APPEAR *PRO SE*,
BE GRANTED ACCESS TO CM/ECF ELECTRONIC FILING,
AND FOR MISCELLANEOUS RELIEF**

NOW COMES Dana Albrecht, *pro se*, and states as follows:

1. Mr. Albrecht (hereto "the undersigned") is a *pro se* litigant who is not a member of any bar and has no formal training in the law.

2. Pleadings filed by *pro se* litigants shall be so construed as to do substantial justice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3. The undersigned has received two emails from the "Claims Administrator" dated March 10, 2024[1] and April 28, 2024[2] concerning this matter (hereto "*Kurkorinis II*").[3]

4. The undersigned respectfully requests this Court to take judicial notice of a prior related matter, *Kukorinis v. Walmart, Inc.*, 1:19-cv-20592, (S.D. Fla.) (hereto *Kurkoronis I*").[4]

---

1  Exhibit A.
2  Exhibit B.
3  *See* https://www.courtlistener.com/docket/65590632/kukorinis-v-walmart-inc/
4  *See* https://www.courtlistener.com/docket/14570092/kukorinis-v-walmart-inc/

- 1 -

5. The undersigned represents that he is familiar with the CM/ECF filing system, maintains a current active and upgraded PACER account, and has been previously been granted electronic filing privileges as a *pro se* litigant in other federal jurisdictions for different unrelated matters that remain ongoing.

6. Fed. R. Civ. P. 23(c)(2)(B) directs that notice must be the best notice practicable under the circumstances. "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane v. Central Hanover Trust*, 339 U.S. 306, 314 (1950).

7. The undersigned therefore desires that all counsel of record and this Court provide notice to the undersigned of all future pleadings and orders in this matter through the CM/ECF filing system.

8. Further, Fed. R. Civ. P. 24(a)(2) also directs that the undersigned may intervene as a matter of right.

9. Consequently, in the event the undersigned *might* desire to file any additional pleadings in this matter, the undersigned respectfully requests that this Court grant the undersigned the ability to do so directly through the CM/ECF filing system, rather than through this Court's *Electronic Document Submission Web Portal (Web Portal)*.[5]

10. Furthermore, upon information and belief, the vast majority of the members of the class do *not* have any active PACER or CM/ECF account, unlike the undersigned.

11. In addition, prior to the filing of *this* pleading by the undersigned, many documents in both "*Kurkoronis I*"[6] and "*Kurkorinis II*"[7] were not readily available for review by the vast majority of the members of the class.

---

5   *See* https://apps.flmd.uscourts.gov/cmecf/filings_form.cfm
6   *Supra* note 4.
7   *Supra* note 3.

12. Indeed, <u>prior</u> to the filing of *this* pleading by the undersigned, the vast majority of of the members of the class would have *first* needed to obtain a PACER account and <u>pay fees</u> to access many documents in both "*Kurkoronis I*"[8] and "*Kurkorinis II*"[9] *Cf. National Veterans Legal Services Program v. United States,* 1:16-cv-00745, (D.D.C.) and *NVLSP v. United States,* 24-1757, (Fed. Cir.).

13. However, <u>as of the filing</u> of this pleading by the undersigned, all documents *not* under seal in both in both "*Kurkoronis I*"[10] and "*Kurkorinis II*"[11] are *now* available to all members of the class free of charge by means of the RECAP Suite hosted by the Free Law Project.

14. Not allowing all members of the class to have free access to review all pleadings in both "*Kurkoronis I*"[12] and "*Kurkorinis II*"[13] would be unfairly prejudicial against most members of the class.

15. However, the undersigned takes no position on whether, or under what circumstances, readily available access (or lack thereof) to relevant pleadings by members of *this* class *might* be moot. In <u>this</u> instant case, all relevant pleadings *now* have been made freely available. Nevertheless, in any *different* class action lawsuit, this issue "might be capable of repetition, yet evading review." *See, e.g., Roe v. Wade,* 410 U.S. 113, 125 (1973), abrogated on other grounds by *Dobbs v. Jackson Women's Health Organization,* 142 S. Ct. 2228 (2022).

16. In any event, since all relevant pleadings in both "*Kurkoronis I*"[14] and "*Kurkorinis II*"[15] have only <u>just</u> been made readily available to all members of the public free of charge, the undersigned respectfully requests that this Court now grant a 30 day extension of time for any responsive pleading by *any* interested party *in this matter* that would otherwise be appropriate under the federal rules of civil procedure.

---

8   *Supra* note 4.
9   *Supra* note 3.
10  *Supra* note 4.
11  *Supra* note 3.
12  *Supra* note 4.
13  *Supra* note 3.
14  *Supra* note 4.
15  *Supra* note 3.

17. Furthermore, concerning any "negotiated" settlement that was "agreed to" between all counsel of record, it is highly unlikely that any members of the class "were in the room where it happened." *Briseño v. Henderson*, 998 F.3d 1014, 1031 (9th Cir. 2021).[16]

18. Indeed, "[w]hile courts should not casually second-guess class settlements brokered by the parties, they should not greenlight them, either, just because the parties profess that their dubious deal is 'all right, all right, all right.'" *Briseño* at 1018.

19. To further underscore the Ninth Circuit's *Opinion* in Briseño, the undersigned also respectfully requests for *this* Court now to take judicial notice (again!) of lead plaintiff Vassiolios Kurkorinis's correspondence to the court in "*Kurkoronis I*"[17] dated September 22, 2020, received on September 25, 2020, and subsequently stricken by *that* Court.[18]

20. In any case, pursuant to the information provided on the "walmartweightedgroceriessettlement" website,[19] the current deadline to file responsive pleadings with this Court is presently May 22, 2024.

21. For the foregoing reasons, a 30-day extension until Friday, June 21, 2024 is now warranted.

22. Due to the nature of this pleading, and the present deficiency concerning access to the ECF/CM system by the undersigned in this jurisdiction, no assent has been sought from any counsel of record.

---

16  The Ninth Circuit was quoting *Hamilton: An America Musical (2016)*. Audio is available at: https://www.youtube.com/watch?v=WySzEXKUSZw

17  *Supra* note 4.

18  Available at https://www.courtlistener.com/docket/14570092/43/kukorinis-v-walmart-inc/

19  *See* https://www.walmartweightedgroceriessettlement.com/faqs

WHEREFORE, the undersigned respectfully requests that this Court:

A) Grant this Motion;

B) Order that copies of all future pleadings and orders in this matter be served to the undersigned via the ECF/CM system; and,

C) Grant the undersigned access to file any further pleadings in this matter via the ECF/CM system in the event the undersigned *might* wish to do so; and,

D) Provide all miscellaneous relief requested consistent with ¶¶1-22, *supra*; and,

E) Grant a 30-day extension of time until Friday, June 21, 2024 for *any* interested party to file any appropriate responsive pleading(s); and,

F) For any further relief that justice may require.

    Respectfully submitted,

    _____
    DANA ALBRECHT
      *Pro Se*
    131 Daniel Webster Hwy #235
    Nashua, NH 03060
    (603) 809-1097
    dana.albrecht@hushmail.com

May 8, 2024.

**CERTIFICATE OF SERVICE**

    I hereby respectfully request that the Clerk of this Court serve a copy of this pleading via the ECF/CM system to all parties and/or counsel of record.

    _____
    DANA ALBRECHT