UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant. | Case No. 8:22-cv-02402-VMC-TGW |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FILED BY DANA ALBRECHT TO APPEAR PRO SE, BE GRANTED ACCESS TO CM/ECF FILINGS, AND FOR MISCELLANEOUS RELIEF**

Court-appointed Settlement Class Counsel, on behalf of Plaintiff, Vassilios Kukorinis and the Settlement Class, respectfully submits this response in opposition to the Motion filed by Dana Albrecht to: (1) appear *pro se* and be granted access to CM/ECF filings; and (2) for miscellaneous relief, principally an extension of the May 22, 2024 Objection Deadline. ECF No. 99 ("Motion").[1]

The critical request of the Motion is to extend the Objection Deadline from May 22 to June 21, 2024. Mot. ¶¶ 16, 21. Plaintiff respectfully requests, for the reasons set forth below, that the Court promptly deny the Motion so that other Settlement Class Members are not confused regarding the scheduled June 12, 2024 Final Approval Hearing or the applicable deadlines set forth in the Court's January 19, 2024

---

[1] Unless otherwise stated or defined, all capitalized terms used herein have the definitions provided in the Stipulation and Agreement of Settlement ("Agreement" or "SA ¶ _").

1

Preliminary Approval Order, ECF No. 75 ("PAO"), that were incorporated into the various forms of Notice, and on the Settlement Website, directed to the Settlement Class.

The following salient facts provide the Court with important context in considering the Motion's request for extraordinary relief:

1. Class members have been provided with months of time since receiving the Email Notice. Mr. Albrecht concedes he received his Email Notice on March 10—two months ago. Mot. ¶ 3.

2. Aside from all the seminal documents that have been posted on the Settlement Website since February 16, 2024, Mr. Albrecht and all Class Members now have access on the Settlement Website to over 100 pages of Plaintiff's briefs and declarations in support of Final Approval filed with the Court on May 8.

3. The other extraneous ECF filings (e.g., the case management report, ESI protocol, and status reports) are available to all Class Members for free on the website Mr. Albrecht cites,[2] have always been available on PACER,[3] and

---

[2] Mot. note 3 (citing https://www.courtlistener.com/docket/65590632/kukorinis-v-walmart-inc/).

[3] Movant notes the availability of ECF filings at no cost on the RECAP Suite by the Free Law Project. Mot. ¶ 13. There is no indication as to when such free access became available, but that is irrelevant to the Court's consideration of the instant Motion. That website has been in existence since 2009, and Plaintiff has not found a single class action where a Court scheduled or postponed any deadlines, including for the final approval hearing, based on when ECF filings became available, if at any time, on that website. What is important is that ECF filings in this case have been available to the public readily and at rates that have been in place since 2012.
https://www.scd.uscourts.gov/DOCS/pacer_fee_change.pdf; https://pacer.uscourts.gov/pacer-pricing-how-fees-work (PACER fees are waived for any user who spends less than $30 per quarter, so any Class Member could download a minimum of 300 pages of documents from PACER at no cost).

none were filed "under seal" in this Action. The Motion does not reference that Mr. Albrecht made any request of the Claims Administrator or Class Counsel, as instructed by the Email Notice and Settlement Website. Had he,[4] then he would have been provided copies and directed to the Settlement Website's Important Document page, which would have alleviated the relief now sought. Many Class Members have communicated with Class Counsel and the Claims Administrator and have received responses to their inquiries. Donaldson-Smith Final Approval Decl. (ECF No. 100-1) ¶ 92; Weisbrot Final Approval Decl. (ECF No. 100-2) ¶¶ 32–33 ("Weisbrot FA Decl."). Neither Class Counsel nor the Claims Administrator have any record of receiving any such request from Mr. Albrecht.

4. According to the Claims Administrator, Mr. Albrecht filed his Claim Form online through the Settlement Website on April 9, 2024.

5. The Motion does not contain an objection to the Settlement and cites to no information needed or contained in any ECF filing to which he needs access to formulate an objection.

A. **Extending the Objection Deadline is Unwarranted and May Confuse Settlement Class Members.**

There is no reason to extend the Objection Deadline here. Settlement Class Members, including Mr. Albrecht, had and still have ample time to object.

---

[4] *See* M.D. Fla. Local Rule 3.01(g) (requiring pre-motion conferral on relief to be sought); Mot. ¶ 22 (noting that Mr. Albrecht had not "sought" "assent . . . from any counsel of record" prior to filing his Motion).

All 81 million Email Notices were sent over two months prior the Objection Deadline, and an additional 3.7 million Email Notices were sent, to account for bounce-backs, 48 days prior to the Objection Deadline. *See* Weisbrot FA Decl. ¶ 14–16. As the Eleventh Circuit has noted: "Courts have consistently held that 30 to 60 days between the mailing (or other dissemination) of class notice and the last date to object or opt out, coupled with a few more weeks between the close of objections and the settlement hearing, affords class members an adequate opportunity to evaluate and, if desired, take action concerning a proposed settlement." *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 634 (11th Cir. 2015) (citations omitted). Courts extend objection deadlines in extraordinary circumstances, which are not present here. *See, e.g.*, *In re GSE Bonds Antitrust Litig.*, No. 19-cv-1704, 2020 U.S. Dist. LEXIS 104842, at *15 (S.D.N.Y. June 16, 2020) (emphasis added) (extending objection deadline because "some class members did not receive notice packets until *after* the . . . opt-out and objection deadline"); *In re FedEx Ground Package Sys., Emp't Practices Litig.*, No. 3:05-md-527, 2017 U.S. Dist. LEXIS 91155, at *81 (N.D. Ind. June 12, 2017) (extending objection deadline because of errors with notice); *Smith v. Keurig Green Mt., Inc.*, No. 18-cv-06690-HSG, 2023 U.S. Dist. LEXIS 32327, at *10 (N.D. Cal. Feb. 27, 2023) (noting objection deadline extended when notice failed).

In addition, as the Court held in the PAO, the Notice Plan here satisfied the Federal Rules of Civil Procedure and Due Process. PAO ¶ 12. The Notice provided all information required by Rule 23(c)(2)(B), and it was presented in the FAQ format suggested as best practice by the Federal Judicial Center. SA Ex. 1A, ECF No. 71-2,

4

at PageID 711.[5] Further, the Settlement Website was established on February 16, 2024, and contains relevant, important documents, including the Amended Complaint, Settlement Agreement, Claim Form, and Notice. Weisbrot FA Decl. ¶¶ 27–28.[6] In addition, the Email Notice was directed to over 81 million email addresses of likely Settlement Class Members, which contained a direct link to the Settlement Website. *Id.* ¶¶ 14–16 & Ex. A.

In fact, Mr. Albrecht received the Email Notice on March 10, 2024, and the Reminder Email on April 28, 2024. Mot. ¶ 3 & Exs. A–B. Accordingly, Mr. Albrecht has had direct notice of the Settlement for over two months. He has already had ample time to submit a claim, opt-out, or object, and to have requested from Class Counsel and the Claims Administrator any additional Court filings he believed he needed. And he still has nearly two weeks prior to the Objection Deadline on May 22.

Mr. Albrecht's contention appears to be that an extension is warranted because all the ECF filings in this case were not available for free until May 8, 2021. Mot. ¶ 13. To start, that ignores that relevant documents (the Amended Complaint, the Settlement Agreement with all Exhibits, the Preliminary Approval Order, Notices, and FAQs) were already made available on the Settlement Website.[7] Neither Rule 23(c)(2)(B) nor any other rule requires that Settlement Class Members have *free* access

---

[5] Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010) at 8, https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.
[6] https://www.walmartweightedgroceriessettlement.com/important-documents.
[7] A copy of the Original Complaint filed in October 2022, ECF No. 1, has been publicly available on Class Counsel's website since its filing. https://chimicles.com/wp-content/uploads/2022/10/Dkt.-1-Complaint.pdf.

5

to *all* documents posted on the case's docket. *See* Fed. R. Civ. P. 23(c)(2)(B); *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (cleaned up) ("We have interpreted Rule 23 to require that class members be given information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or opt out of the action, though the notice need not include every material fact or be overly detailed."); *see also Nat'l Veterans Legal Servs. Program v. United States*, 968 F.3d 1340, 1350 (Fed. Cir. 2020) (noting that PACER fees are permissible so long as they do not exceed "the amount needed to cover expenses incurred in services providing public access to federal court electronic docketing information").[8]

Simply put, Mr. Albrecht and the Settlement Class Members have received or have available to them the necessary notice, documentation, and information to evaluate their rights and options under the Settlement.

Finally, given Mr. Albrecht's motion raises the possibility of an extension to the Objection Deadline—to June 21, which is *nine* days *after* the scheduled date for the June 12 Final Approving Hearing—Plaintiff does not want Settlement Class Members to be confused as to the important deadlines that affect their rights to Object or Opt-Out (May 22, 2024), submit a Claim Form (June 5, 2024), or attend, upon proper notice and approval, the Final Approval Hearing (June 12, 2024).

---

[8] In addition, the remaining documents on the docket consist of the briefing on motions to dismiss and otherwise largely procedural filings: the Court's standing Order, summons, pro hac vice motions and orders granting them, certificates of interested persons, corporate disclosure statements, notice of related actions, motions for extensions of time and/or pages, status reports, case management reports, mediation notices, and the ESI stipulation and Order.

For the foregoing reasons, Plaintiff respectfully requests that the Court promptly[9] deny Mr. Albrecht's motion to extend the Objection Deadline.

B. **A Motion to Appear *Pro Se* and Make Filings is Improper and Unnecessary.**

Mr. Albrecht asks that he be permitted to appear *pro se* in this case because he "*might* desire to file . . . additional pleadings in this matter . . . ." Mot. ¶ 9. The request could also be construed as a Motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. *See* Mot. ¶ 8.

Either way, the Motion and relief are unnecessary. What Mr. Albrecht "seeks to achieve as an intervenor is achieved as an objector," if indeed he decides to file an objection. *E.g.*, *Forward Momentum, LLC v. Team Health, Inc.*, No. 2:17-cv-346, 2022 U.S. Dist. LEXIS 146317, at *9 (M.D. Ala. July 6, 2022) (citing *Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-cv-21107, 2013 U.S. Dist. LEXIS 147810, at * (S.D. Fla. Oct. 9, 2013)).[10] Mr. Albrecht is free to submit an objection by the Objection Deadline of May 22, 2024. PAO ¶ 26. He may submit his objection by following the simple procedures set forth in the PAO and by mailing it to the Court, Class Counsel, and Walmart's Counsel. *Id.* ¶¶ 26–32. Indeed, the Notice and FAQ 17 (on the Settlement Website) specifically states that an objection with any desired documentation can be filed with the Clerk.

---

[9] Under M.D. Fla. Local Rule 3.01(d), reply briefs are not permitted absent leave of Court.
[10] Mr. Albrecht does not have a right to intervene under Rule 24(a) because he is "fully able to protect [his] interest by opting out of the class and litigating [his] case separately, or objecting to the settlement if [he chooses] to remain in the case." *Saccoccio*, 2013 U.S. Dist. LEXIS 147810, at *4. Nor may Mr. Albrecht permissively intervene under Rule 24(b) because his intervention "at this late juncture" would disrupt the Settlement process and its deadlines, including the Court's Final Approval Hearing.

Class Counsel and the Court will give his objection due consideration. *See id.* ¶ 34. And if he so chooses, by following the proper procedures in the PAO and upon the Court's approval, he may appear at the Final Approval hearing—at his own cost—to present his objection. *Id.* ¶ 32. But he need not, and may not, intervene in this case to make unnecessary and irrelevant filings that have nothing to do with the Settlement.

The request to "appear *pro se*" and to have access to CM/ECF filings in this case is unnecessary and improper and, therefore, respectfully, should be denied.

To the extent that Mr. Albrecht requests notice of future filings (Mot. ¶ 7), this request too is unnecessary because Class Counsel's future filings only include the reply brief to any objections filed, which is to be filed on June 5, 2024, and Class Counsel will make these filings available, promptly, on the Settlement Website. *See* PAO ¶ 34.

Thus, Plaintiff respectfully requests that the Court deny Mr. Albrecht's motion.

Dated: May 10, 2024

Respectfully submitted,

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
Kimdonaldsonsmith@chimicles.com
Nicholas E. Chimicles
Nick@chimicles.com
Zachary P. Beatty
Zpb@chimicles.com
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633

*Attorneys for Plaintiff and the Settlement Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, the foregoing document was served by the Court's electronic filing system, and it was also emailed to Mr. Albrecht:

Dana Albrecht
Dana.Albrecht@hushmail.com

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith