UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSIOLIOS KURKORINIS, on behalf of himself and and any others similarly situated ) ) ) ) ) Plaintiff ) v. ) ) WALMART INC. ) ) Defendant. ) | No. 8:22-cv-02402-VMC-TGW |

**MOTION TO COMPEL PRODUCTION OF RECORDS**

NOW COMES Dana Albrecht, *pro se*, and states as follows:

1. "While courts should not casually second-guess class settlements brokered by the parties, they should not greenlight them, either, just because the parties profess that their dubious deal is 'all right, all right, all right.'" *Briseño v. Henderson*, 998 F.3d 1014, 1019 (9th Cir. 2021).

2. In particular, "under the newly revised Rule 23(e)(2) standard, courts must scrutinize settlement agreements." *Briseño* at 1018. Further, courts should also consider the *Hanlon/Staton* factors in considering whether a settlement is "fair, reasonable, and adequate." *Briseño* at 1018, citing *Hanlon v. Chrysler Corporation*, 150 F. 3d 1011 (1998) and *Staton v. Boeing Co.*, 327 F. 3d 938 (2003).

3. Further underscoring the need for scrutiny in class action settlements is Plaintiff's letter dated September 22, 2020 to the Southern District Court in *Kukorinis v. Walmart, Inc.*, 1:19-cv-20592, (S.D. Fla.) (hereto *Kurkoronis I*").[1] *See Exhibit B*.

---
1   *See* https://www.courtlistener.com/docket/14570092/kukorinis-v-walmart-inc/

4. Plaintiff's counsel advertise on walmartweightedgroceriessettlement.com that "the public can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://www.flmd.uscourts.gov/." (FAQ 19).

5. The undersigned has recently retrieved from PACER the declarations (Docs 71-4,[2] 74-3,[3] and 100-2[4]) of Steven Weisbrot, Esq. signed under penalty of perjury pursuant to 28 U.S.C. § 1746, and also approved that the relevant PACER fees for document retrieval be charged to his *personal* PACER account.

6. These documents (at ¶5) were not previously available to the public prior to last week, except through PACER, which requires fees for public access.

7. Plaintiff's counsel also advertise on walmartweightedgroceriessettlement.com that individuals may contact this Court directly under appropriate circumstances. *See, e.g.*, FAQs 17-21.

8. However, Plaintiff's counsel have subsequently filed two <u>very different</u> pleadings (Doc 102[5] and Doc 103[6]) in response to the undersigned's recent request for relief (Doc 99,[7] with exhibits 99-1[8] and 99-2[9]) from this Court.

9. *Both* versions (at page 2) chastise the undersigned because his "Motion [Doc 99][10] does not reference that Mr. Albrecht made any request of the Claims Administrator or Class Counsel, as instructed by the Email Notice and Settlement Website."

---

2   Newly available at https://www.courtlistener.com/docket/65590632/71/4/kukorinis-v-walmart-inc/
3   Newly available at https://www.courtlistener.com/docket/65590632/74/3/kukorinis-v-walmart-inc/
4   Newly available at https://www.courtlistener.com/docket/65590632/100/2/kukorinis-v-walmart-inc/
5   Available at https://www.courtlistener.com/docket/65590632/102/kukorinis-v-walmart-inc/
6   Available at https://www.courtlistener.com/docket/65590632/103/kukorinis-v-walmart-inc/
7   Available at https://www.courtlistener.com/docket/65590632/99/kukorinis-v-walmart-inc/
8   Available at https://www.courtlistener.com/docket/65590632/99/1/kukorinis-v-walmart-inc/
9   Available at https://www.courtlistener.com/docket/65590632/99/2/kukorinis-v-walmart-inc/
10  *Supra* note 7.

10. On May 10, 2024, the undersigned made a *very simple request* via email to Class Counsel for documentation supporting their claims:

    > Dear Ms. Schwartz,
    >
    > Will you please provide to me (ASAP) a copy of any "Claim Form" the Claims Administrator alleged I filed "online through the Settlement Website on April 9, 2024?" (*Response* at page 3)
    >
    > Thank you!
    >
    > -Dana

    *See* Exhibit A.

11. However, rather than provide the requested documentation, Class Counsel *instead* responded by filing an additional, and <u>substantially very different</u>, response (Doc 103[11]) with this Court.

12. Class Counsel have a duty to provide the requested documentation pursuant to Fed. R. Civ. P. 26.

13. Consequently, this Court should compel Class Counsel to produce copies of the requested documentation.

14. The undersigned, at this time, further respectfully requests that this Court should also compel Class Counsel to produce copies <u>of all email(s) sent</u> by the Claims Administrator *to solicit* whatever are the claim form(s) allegedly "filed April 9, 2024" and referenced by Class Counsel in their initial response (Doc 102[12]) (at page 3).

15. *Arguendo*, this Court should consider that the extensive declarations (described at ¶5) by Mr. Weisbrot might have been intended simply to treat this Court (to use the vernacular) "like a mushroom," *i.e.*, "left in the dark" and fed with "fertilizer" in the form of misinformation.

16. At bare minimum however, the undersigned's *simple request*, and Class Counsel's response, <u>now reveal</u> that the extensive declarations (described at ¶5) by Mr. Weisbrot likely fail to meet even the most basic standards for admissibility of expert witness testimony. *Daubert v. Merrell Dow*

---

[11] *Supra* note 6.
[12] *Supra* note 5.

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Cf. *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

17. The undersigned further opines, *in passing*, that Mr. Weisbrot's declarations would likely result (metaphorically speaking) in a fair bit of nausea, as well as a spike in blood pressure, on the part of both the undersigned as well as any real experts familiar with the relevant subject matter, now that they are readily accessible for public review. Cf. *Daubert* and *Frye*.

18. For the foregoing reasons, this Court should compel Class Counsel to produce the documentation requested at ¶10 and ¶14, *supra*.

WHEREFORE, the undersigned respectfully requests that this Court:

A) Grant this Motion; and,

B) Compel Class Counsel to produce copies of the requested documentation consistent with ¶¶1-18, *supra*; and,

C) For any further relief that justice may require.

Respectfully submitted,

_____
DANA ALBRECHT
    *Pro Se*
131 Daniel Webster Hwy #235
Nashua, NH 03060
(603) 809-1097
dana.albrecht@hushmail.com

May 13, 2024.

- 5 -

## CERTIFICATE OF SERVICE

  I hereby respectfully request that the Clerk of this Court serve a copy of this pleading via the ECF/CM system to all parties and/or counsel of record.

  I have also sent a copy of this pleading via email to the parties and/or counsel of record listed in the accompanying email that is Exhibit A.

_____
DANA ALBRECHT