## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VASSILIOS KUKORINIS, on behalf
of himself and any others similarly
situated,

      Plaintiff,

v.

WALMART INC.,

      Defendant.

Case No. 8:22-cv-02402-VMC-TGW

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DANA ALBRECHT'S MOTION TO COMPEL PRODUCTION OF RECORDS

Settlement Class Counsel, on behalf of Plaintiff, Vassilios Kukorinis and the Settlement Class, respectfully submits this response in opposition to the Motion filed by Dana Albrecht on May 13, 2024 (Dkt. 104, "*Motion II*"). Dana Albrecht also filed a motion on May 8, 2024 seeking to appear *pro se*, be granted access to CM/ECF filings and for miscellaneous relief (Dkt. 99)("*Motion I*").

As an initial matter, Class Counsel does not desire to proliferate filings with the Court on matters that should otherwise be pedestrian, out-of-court communications between a Class Member and Class Counsel and/or Claims Administrator regarding the proposed settlement. However, Class Counsel must briefly respond to *Motion II*.

The need for the correction identified in footnote 5 of Plaintiff's Corrected Response in Opposition to *Motion I*, Dkt. 103, was identified, the Original Response (Dkt. 102) was edited, and the Corrected Response was filed at Dkt. 103, before Mr.

Albrecht emailed Class Counsel requesting a copy of the claim form referred to in Dkt. 102, the Original Response. *See* Exhibit A and B, attached (ECF filing notification received via email on Friday at 5:09:20 pm EST; and Mr. Albrecht's email, Friday at 5:09:28 pm EST).

Dkt. 103, Plaintiff's Corrected Response in Opposition to *Motion I*, stated clearly in footnote 5 that it "varies from the Original Response (Dkt. 102) solely by removal of old paragraph 4 in the Original Response, necessitated by confirmation that the referred to Claim Form was not submitted by Movant, but rather by another Class Member whose first name and sur name were identical to Movant's."[1]

Therefore, one: Dkt. 102 and Dkt. 103 are not "two very different pleadings" as *Motion II* at ¶8 contends.  And, two, Dkt. 103 itself, clearly informed Mr. Albrecht that: there was not a Claim Form that Class Counsel contended was submitted by Mr. Albrecht; and, Paragraph 4 of the Original Response, Dkt. 102, was incorrect and was removed.[2]  Accordingly, there is no claim form or relevant documentation to provide Mr. Albrecht in response to his request set forth in his *Motion II* at ¶10-14.

Furthermore, importantly, Class Counsel did respond to Mr. Albrecht's email, which is referenced in his *Motion II* at ¶10 as un-responded to.  On May 10, 2024 at

---

[1] Dkt. 102 solely referenced an Albrecht Claim Form at ¶4, page 3.

[2] Class Counsel notes the intemperate tone of *Motion II* and that the comments in *Motion II* at ¶¶15-17 about the Claims Administrator are unfounded and improper. *See, e.g.* Dkt. 71-4, Weisbrot Decl. at ¶¶1-11, submitted in support of Plaintiff's Motion for Preliminary Approval. Although deference is given to filings by *pro se* litigants, their allegations still must be grounded in sufficient facts and not frivolous. *See e.g. Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

5:14:17 pm EST, Class Counsel provided Mr. Albrecht with a copy of Dkt. 103, the Corrected Response, and specifically stated that he should "Please see footnote 5." Exhibit C, hereto.  Mr. Albrecht's *Motion II* does not inform the Court of Class Counsel's email and response.[3]

Finally, Class Members, like any party, do not have an unfettered right to file serial motions with the Court.  *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1242, 1240 (11th Cir. 2009) ("a district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'")(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41, (1991)); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993) ("[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  Rather, the Court's Preliminary Approval Order provides that, if he so choses, Mr. Albrecht has the right to file an objection by May 22, 2024.  That process (not serial motions of the type now filed twice by Mr. Albrecht) is consistent with the orderly, and well-established, procedure for class members to comment about a proposed settlement in class action proceedings.

Thus, for the foregoing reasons, Plaintiff respectfully requests that the Court deny Mr. Albrecht's *Motion II* and instruct Mr. Albrecht that he limit his Court filings

---

[3] *Motion II* also appears to reiterate some arguments from *Motion I,* to which Plaintiff already responded in Dkt. 103.

and communications with Class Counsel and the parties in this case to filing an objection, if any, to the Settlement by May 22, 2024 and in accordance with the instructions contained in the Preliminary Approval Order ¶26 (a copy of which is provided on the Settlement Website). He may also, if he chooses, submit a timely Claim Form to the Claims Administrator.

Dated: May 13, 2024

Respectfully submitted,

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
Kimdonaldsonsmith@chimicles.com
Nicholas E. Chimicles
Nick@chimicles.com
Zachary P. Beatty
Zpb@chimicles.com
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633

*Attorneys for Plaintiff and the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2024, the foregoing Corrected document was

served by the Court's electronic filing system, and it was also emailed to Mr. Albrecht:

Dana Albrecht
Dana.Albrecht@hushmail.com

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith