**Exhibit 2 to the Settlement Agreement**
**EXECUTION VERSION**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>WALMART, INC.,<br><br>    *Defendant.* | CASE NO. 8:22-CV-02402-VMC-TGW |

**[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL**

**WHEREAS**, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated _____, 202\_, and on Plaintiff's application for approval of the Settlement set forth in the Stipulation and Agreement of Class Action Settlement, dated as of November 15, 2023 (the "Settlement Agreement").  Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore,

**WHEREAS**, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

**Exhibit 2 to the Settlement Agreement**
**EXECUTION VERSION**

1. This Final Judgment and Order of Dismissal ("Judgment") incorporates by reference: (a) the Settlement; and (b) the Notice, Summary Notice, and Declaration of the Claims Administrator with respect to Notice, all filed with this Court.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court affirms its determinations in the Order and finally certifies, for purposes of settlement only, a Settlement Class defined as: all Persons who Purchased Weighted Goods and/or Bagged Citrus in-person at a Walmart retail store, supercenter, or neighborhood market in the United States or Puerto Rico ("Walmart Store") during the Settlement Class Period.

    Excluded from the Settlement Class are:

    a. (1) the judges presiding over this Litigation and members of their direct families; (2) Walmart Inc.'s directors, officers, and executives; (3) Class Counsel; and

    b. Settlement Class Members who timely and validly requested exclusion from the Class who are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court.

4. The Court hereby affirms its determination in the Order and finds, for

the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiff's claims are typical of those of the Class; (d) Plaintiff and Class Counsel have fairly and adequately represented the Class's interests and will continue to do so; (e) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Order and finally appoints Plaintiff as Class Representative and Kimberly M. Donaldson-Smith, Nicholas E. Chimicles, and Zachary P. Beatty of Chimicles Schwartz Kriner & Donaldson-Smith LLP as Class Counsel.

6. The Notice of Pendency and Proposed Settlement of Class Action ("Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable to Class Members under the circumstances of those proceedings and

of the matters set forth in the Notice, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable laws. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

7. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the Final Approval Hearing. There have been [___] objections to the Settlement [each of which was addressed by the Court at the Final Approval Hearing].

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Settlement Agreement in all respects and finds that:

   a. the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class;

   b. the Settlement was the result of informed, serious, extensive arm's-length among experienced counsel following mediation under the direction of an experienced mediator;

    c. there was not collusion in connection with the Settlement; and,

    d. the record is sufficiently developed and compete to have enabled Plaintiff and Walmart to have adequately evaluated and considered their positions.

9. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class (for whom Walmart can and expressly does retain any defenses to such excluded claims), the Court hereby dismisses the Action and all Released Claims with prejudice as provided in the Settlement Agreement.

10. The Parties are to bear their own costs, except as and to the extent provided in the Settlement Agreement and herein.

11. The Releases set forth in Section 12 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto in Section 12, are expressly incorporated herein by reference. Accordingly, this Court orders that:

    a. Upon the Effective Date of the Settlement, by operation of this Judgment, Settlement Class Member Releasing Parties shall have

fully and forever released, compromised, settled, resolved, relinquished, waived and discharged each and every Settlement Class Member Released Claim against Walmart Released Parties.

b. Upon the Effective Date, and by operation of the Judgment, Walmart Releasing Parties shall have fully and forever released, compromised, settled, resolved, relinquished, waived and discharged each and every Walmart Released Claim against Settlement Class Member Released Parties. Nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or the Judgment.

c. Notwithstanding any provision in the Judgment and Settlement Agreement, Plaintiff and Settlement Class Members are not releasing any claims for personal injury or wrongful death. Further, this agreement does not affect claims by any governmental authority.

12. Any order entered regarding Plaintiff's application for Attorneys' Fees, Costs, and Expenses to Class Counsel, or concerning the allocation of the Net Settlement Fund to Authorized Claimants, shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. The Settlement, the Settlement Agreement (whether or not consummated) and the Exhibits thereto, including the contents thereof, the

negotiations leading to the execution of the Settlement Agreement, any proceedings taken pursuant to or in connection with the Settlement, and/or approval of the Settlement (including any arguments proffered in connection therewith), and any communication relating thereto, are not evidence, nor an admission or concession by any Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Litigation, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

14. Neither the Settlement, the Settlement Agreement, the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement and Settlement Agreement, and/or approval of the Settlement (including any arguments proffered in connection therewith), nor any communication relating thereto, shall be:

> a. offered or received against any Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Party of the truth of any allegations by Plaintiff, or the validity of any claim or defense that has been or could have been asserted in the Litigation, or the validity or deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released

    Claims, or that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than the Settlement; or,

    b. offered or received against any Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission, the absence of any fault, misrepresentation, or omission, with respect to any statement or written document approved or made by Walmart, or against Plaintiff or any Member of the Settlement Class as evidence of any infirmity in the claims of Plaintiff and the Settlement Class.

  15. However, the Parties may reference or file the Settlement Agreement and/or Judgment from this Litigation in any other action that may be brought against them in order to (a) effectuate the Releases granted them hereunder; and (b) support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  16. Walmart has denied and continue to deny liability and maintain that it has meritorious defenses and have represented that it entered into the Settlement solely in order to avoid the cost and burden of litigation.

  17. Without affecting the finality of this Judgment in any way, this Court

hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Net Class Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; (d) the Parties for the purpose of construing, enforcing, and administering the Settlement Agreement; (e) Settlement Class Members for all matters relating to the Litigation and Settlement; and (f) other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Class Settlement Fund, shall remain under the authority of this Court.

18.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.  If the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Class Settlement Fund shall be returned in accordance with

**Exhibit 2 to the Settlement Agreement**
**EXECUTION VERSION**

the terms of the Settlement Agreement.

20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____      _____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE



# Kukorinis v. Walmart, Inc.
## Requests for Exclusion

|   | First Name | Last Name |
|---|---|---|
| 1 | JOANN | PERNACI |
| 2 | CENTRAL PAINTING & SANDBLASTING INC | |
| 3 | DAVID WAYNE | SWORD |
| 4 | PETER | MONFREDA |
| 5 | JESSICA JADE | LAWSON |
| 6 | KATHLEEN B | CIKO |
| 7 | PATRICIA C | FRIEL |
| 8 | ELEANOR M | CAMPBELL |
| 9 | BOAH | LEE |
| 10 | JESSICA TALEEN | COLEMAN |
| 11 | CURT | CHERRY |
| 12 | DIANE | CHERRY |
| 13 | JOSEPH | KUBIAK |
| 14 | JENNIFER | REED |
| 15 | GORDON RICHARD | HAUGLIE |
| 16 | CHRIS F | NORDSTROM |
| 17 | JOEL | GUILHERME |
| 18 | GLENN V | KOWALSKI |
| 19 | BRIAN ALAN | EDWARDS |
| 20 | GREGORY J | GERBER |
| 21 | EDDIE D | SWOPE |
| 22 | RUTH A | SWOPE |
| 23 | IVAN | PRIKRYL |
| 24 | BONITA | SPINNER |
| 25 | DAVID | THREADGIL |
| 26 | ESTHER | THREADGIL |
| 27 | FAITH | PATTRIN |
| 28 | STEPHAN P | BRANEKY |
| 29 | SUSAN | SACCO |
| 30 | MICHAEL | DINKEL |
| 31 | MARY E | RABON |
| 32 | SYLVIA | HUMPHREY |
| 33 | KATHRYN J | BERGERON |
| 34 | HECTOR | RUBIO-GARCIA |
| 35 | BECKY | ANTOINE |

| | | |
|---|---|---|
| 36 | DEBORAH MAE | KURZHALS |
| 37 | DAVID | KURZHALS |
| 38 | MARY M | JAMES |
| 39 | CHARLES ANTHONY | PICCIRILLO |
| 40 | DIANA | HERNANDEZ |
| 41 | VERONICA | WENKUS |
| 42 | SHERYL LYNN | CLARK |
| 43 | CAROLE | NOSS |
| 44 | TROY LEE | STROTHER |
| 45 | JUDITH A | GLAZIER |
| 46 | DELIO J | FERNANDEZ |
| 47 | JESSICA | STECHACHULTE |
| 48 | TERRY | ROBINSON |
| 49 | EUGENIO | SEDA |
| 50 | KALEEN | COOPER |
| 51 | LISA | VANWELSENAERS |
| 52 | DAVID WAYNE | SICA |
| 53 | GARY | AAGESEN |
| 54 | JENNIFER M | PORTER |
| 55 | MONA | BRYANT |
| 56 | KAREN | SHACKLE |
| 57 | MILA | SU |
| 58 | JANICE | ANDIORIO |
| 59 | IVAN | BECERRA JR |
| 60 | KAYLA SURANIE | DOODNATH |
| 61 | PEGGY | GEMBERLING |
| 62 | JOHANNA D | VINER |
| 63 | ELLEN | DOUGLASS |
| 64 | KELLI | ESTES |
| 65 | BEVERLY | GORMAN |
| 66 | ROBERT L | SHICK JR |
| 67 | TIOSHA | HAYES |
| 68 | KATHERINE | JOHNS |
| 69 | DARRYL | JOHNS |
| 70 | TED | MALDONADO |
| 71 | HILDEGARD U | MALDONADO |
| 72 | JENNIFER LORENE | PRUITT |
| 73 | LYNNE G | CASTRO |
| 74 | JASON E | CASTRO |
| 75 | GARY | CARLMARK |
| 76 | LYNNE G | STARNER |
| 77 | GAVIN RANDALL | HITCHINS |
| 78 | BRIAN | CONREY |
| 79 | MELISSA | CONREY |
| 80 | BARI | JARREAU |
| 81 | KIMBERLY SUE | STAUBS |
| 82 | DAVIN | MORGAN |

| | | |
|---|---|---|
| 83 | NEIL | NYE |
| 84 | AMERICA | GROSCHEL |
| 85 | STEVEN | MENDEZ |
| 86 | TRACINA | CONWAY |
| 87 | MARLA JUDITH | SOTO-GONZALEZ |
| 88 | TRISTIAN | STORMS |
| 89 | CHRISTOPHER C | NORTH |
| 90 | DEANGELO | JOHNSON |
| 91 | ANNA MARIE | PARSONS |
| 92 | AYANA | LOONEY |
| 93 | LONALD TRAVIS | SMALLEN |
| 94 | DAWN | RATACZAK |
| 95 | CURT | HARTER |
| 96 | NANCY | CHAPPEL |
| 97 | TANIA CUESTA | WAGNER |
| 98 | JAMES J | HARMAN |
| 99 | JESSICA RENE | COLEMAN |
| 100 | SUEANN | RAYMOND |
| 101 | GAIL | MAYARD |
| 102 | ZACHARY | SMITH |
| 103 | ASHLEY M | PACHECO |
| 104 | DARRELL | BRIDGEWATER |
| 105 | JASON | FOURIER |
| 106 | JOHN D | TOSCANO |
| 107 | ALEXANDER | YAKOVLEV |
| 108 | HUYNH | VU |
| 109 | VIRGINIA | SETLIFF |
| 110 | SUANN CAROL | BURGIN |
| 111 | PAULA J | NELSON |
| 112 | LORI | COLL |
| 113 | ERIC | EHMANN |
| 114 | TRUDIE ANN | MOSER |
| 115 | TAMMY | THOMPSON |
| 116 | ISAAC DOYLE | KOCH |
| 117 | ADRIENNE | REITSMA |
| 118 | LAUREN | BOND |
| 119 | JULIE | RAFAEL |
| 120 | NICHOLAS | CHIN |
| 121 | MARLENA GAIL | ROSS |
| 122 | BENNU A | FOXBERRIES |
| 123 | KAREN | HINDA |
| 124 | CHRISTOPHER A | BOTELHO |
| 125 | LISA MARIE | ADAMO |
| 126 | MARIE J | FUENTES |
| 127 | MARY C | WILLIAMS |
| 128 | SIN A | KANG |
| 129 | GRACE | OH |

| | | |
|---|---|---|
| 130 | NORA L | NAVAR |
| 131 | WILLIAM M | SMITH |
| 132 | JENNIFER NOEL | LEMLER |
| 133 | JULIA | KAPINOS |
| 134 | KRISTEN | PANELLI |
| 135 | MARY R | GUILLORY |
| 136 | JOSEPH T | JANESH |
| 137 | JOHN A | MAIN |
| 138 | JOHN | SILVRANOS |
| 139 | NICOLE C | ADAMS |
| 140 | ANGELA A | BENHAM |
| 141 | ROBERT E | BENHAM JR |
| 142 | MISHAEL JOHANAN | KODAY |
| 143 | CRYSTAL | CAPOZZI |
| 144 | CAROLYN J | LOPEZ |
| 145 | LINDA | MCCULLEY |
| 146 | HENRY | SUZUKI |
| 147 | JASON JAMES | BONNEMA |
| 148 | JASON ERNEST | KAPINOS |
| 149 | JAYNE LOUISE | EDWARDS |
| 150 | KENNETH LEE | EDWARDS |
| 151 | DOROTHEA | SHORTER |
| 152 | ERNEST JOSEPH | KAPINOS |