UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>  Defendant. | Case No. 8:22-cv-02402-VMC-TGW |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
JOAN JOHNSON'S MOTION**

On May 28, 2024, Joan Johnson's request to be "'added' as a Plaintiff or Co-Plaintiff or Joinder" was docketed by the Court at ECF No. 118. The basis for Ms. Johnson's request is her assertion that she "'<u>added</u>,' <u>pertinent</u>, <u>crucial</u>, and <u>substantial</u> <u>information</u> regarding this case/settlement" solely referencing her objection to the Settlement (*see* ECF No. 118, pg. 2-7), and which objection was also docketed at ECF No. 120. For the following reasons, Ms. Johnson's request should be denied.[1]

*First*, the "governing law in this circuit holds that intervention to raise objections to a potential class action settlement is not warranted where an absent class member may make the same arguments at a final approval hearing." *Carr v. Ocwen Loan Servicing*, No. 1:13-cv-00732, 2014 U.S. Dist. LEXIS 202087, at *23 n.6 (N.D.

---

[1] The Court's May 31, 2024 Order (ECF No. 121) requested the parties to respond to the Motion by June 6, 2024; Walmart joins in this Response.

1

Ga. Apr. 25, 2014) (citing *Grilli v. Metropolitan Life Ins. Co., Inc.*, 78 F.3d 1533 (11th Cir. 1996)); *see also Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-cv-21107, 2013 U.S. Dist. LEXIS 147810, at *4 (S.D. Fla. Oct. 9, 2013) (denying request to intervene because objector was "fully able to protect [her] interest by opting out of the class and litigating [his] case separately, or objecting to the settlement if [she chooses] to remain in the case."). The Preliminary Approval Order, ECF No. 75 ("PAO"), ¶¶ 26-32, identified the procedures for an absent class member to object to the Settlement. Ms. Johnson was able to and did present her objections for the Court's consideration in connection with final approval of the Settlement. *Id.*[2] Accordingly, consistent with the reasoning in *Carr, supra,* adding or joining Ms. Johnson as a plaintiff is neither warranted nor necessary.

***Second***, "joinder" of Ms. Johnson pursuant to Fed. R. Civ. P. 20, which provides for permissive joinder of parties, would be contrary to the procedural posture of this Class Action and is unnecessary. That is consistent with the Court's April 26, 2024 Order (ECF. No. 94) denying the filing of Carlton Mathews' supplemental complaint (ECF No. 93) on the basis that "class actions are only permitted if 'the class is so numerous that joinder of all members is impracticable.' Fed. R. Civ. P. 23(a)(1))." Moreover, in the PAO the Court already, for Settlement-purposes, conditionally certified the Settlement Class, of which Ms. Johnson concedes she is a member by

---

[2] Ms. Johnson's objection, along with the other five objections, are addressed in Plaintiff's June 5, 2024 supplemental brief filed in further support of the settlement, which demonstrated why the objections, including Ms. Johnson's, must be overruled.

virtue of her submitting an objection (and not filing an opt-out request).[3] Furthermore, Ms. Johnson states no basis, nor does a colorable basis exist, rendering her joinder necessary or appropriate to meet the "central purpose of" Rule 20 "to promote trial convenience and expedite the resolution of disputes." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (citation omitted), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Ms. Johnson's joinder would not aid or accomplish either of those purposes.

     ***Third***, Ms. Johnson is improperly seeking to intervene now in the Action. *See, e.g.*, *Grilli*, 78 F.3d at 1536 ("The [district] court stated that even though the [Objectors], as class members, had a legally protectable interest in the action, they were not entitled to intervene as of right under Rule 24. *See* Fed. R. Civ. P. 24(a)"). As the Court held in its May 23, 2024 Order, ECF No. 115, the Court will not "permit … intervention at this late stage [which] could disrupt the settlement…*Forward Momentum, LLC v. Team Health, Inc.*, No. 2:17-CV-346-WKW, 2022 U.S. Dist. LEXIS 146317, at *9 (M.D. Ala. July 6, 2022)." That directive applies equally to Ms. Johnson. *See also In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 336-37 (N.D. Ga. 1993) (objectors failed to demonstrate unique interests or inadequate representation by class representatives and counsel; no evidence of collusion was presented, and dissatisfaction with settlement aspects does not warrant intervention, as the goals of

---

[3] Plaintiff's response assumes that Ms. Johnson is an absent class member, but Plaintiff does not otherwise concede that Ms. Johnson is and reserves all rights to make any such argument concerning her status as an absent class member.

Rule 23 "would be defeated if the Court permitted every individual or entity that objected to discrete aspects of the settlement to intervene").

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that the Court deny Ms. Johnson's request to be added or joined as a Plaintiff.

Dated: June 5, 2024  Respectfully submitted,

/s/ *Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
Kimdonaldsonsmith@chimicles.com
Nicholas E. Chimicles
Nick@chimicles.com
Zachary P. Beatty
zpb@chimicles.com
**Chimicles Schwartz Kriner & Donaldson-Smith LLP**
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Fax: (610) 649-3633

*Attorneys for Plaintiff and Settlement Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2024 the foregoing document was served on Counsel of record by the Court's electronic filing system.

*/s/ Kimberly M. Donaldson-Smith*
Kimberly M. Donaldson-Smith
