UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| VASSILIOS KUKORINIS, on behalf of himself and any others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant. | Case No. 8:22-cv-02402-VMC-TGW |

**DEFENDANT WALMART INC.'S STATEMENT REGARDING PLAINTIFF'S INTENTION TO APPEAR AND COMMENT REGARDING PLAINTIFF'S INDIVIDUAL RELEASE**

Defendant Walmart Inc. ("Walmart") submits this Statement Regarding Plaintiff Vassilios' Kukorinis' Intention to Appear and Comment at the June 12, 2024 Final Approval Hearing about paragraph 12.9 of the Settlement Agreement titled "Plaintiff's Individual Release." (Doc. 113.)

1. The Settlement Agreement agreed to between Mr. Kukorinis and Walmart, and signed by both Mr. Kukorinis and Walmart on November 15, 2023, contains a class-wide release applicable to all Settlement Class Members who do not opt out (Doc. 71-2, Settlement Agreement, ¶¶ 2.45, 12.1) and an individual release and covenant not to sue by Mr. Kukorinis individually. (*Id.*, ¶ 12.9.)

2. The individual release signed by Mr. Kukorinis releases all claims against Walmart related to his individual purchases (other than claims for personal injury or wrongful death) and also includes a covenant not to sue. Such clauses are common in

class actions settlements. On January 19, 2024, the Court granted preliminary approval to the Parties' settlement. (Doc. 75.)

3. Thereafter, in accordance with the Settlement Agreement and the Court's Order granting preliminary approval, the Settlement Administrator implemented a robust notice process which included (a) sending more than 81 million email notices between February 20, 2024 and April 4, 2024 (Doc. 100-2, ¶¶ 9-17; Doc. 127-7 ¶ 5); (b) sending more than 76 million email reminder notices between April 8, 2024 and May 12, 2024 ( Doc. 124-7, ¶ 6); and (c) maintaining a settlement website that was visited over 17 million times by over 11 million unique users (Doc. 100-2 ¶ 31.). The settlement also received significant publicity, including articles and stories in national print and other news media. (Doc. 100-1, ¶ 89.)

4. The response to the Settlement has been overwhelmingly positive. As of June 3, 2024, over 3.9 million claims have been submitted. (Doc. 124-7, ¶ 18.) Only 152 people opted out (about 1/10,000th of 1% of the email addresses to that were sent an email notice) and there have been 6 objections. (*Id.*, ¶¶ 22, 25.)

5. On May 21, 2024 – nearly two weeks after filing his Motion for Final Approval of the Settlement (Doc. 100) – Mr. Kukorinis emailed counsel for Plaintiff and for Walmart stating his intention to appear at the final approval hearing to "ask the court to rule for the legality of" the individual release he agreed to in Section 12.9 of the Settlement Agreement. A copy of Mr. Kukorinis' email was filed with the Court at Doc. 124-4. In response to Mr. Kukorinis' email, Class Counsel filed a Notice informing the Court of his intent to appear. (Doc. 113.)

6. While Mr. Kukorinis admits in his May 21, 2024, email that he signed the Settlement Agreement with the individual release and covenant not to sue, it appears that he now has reservations about the terms he agreed to.

7. The individual release and covenant not to sue by Mr. Kukorinis is a material term of the Settlement. As the Court is aware, Mr. Kukorinis previously sued Walmart in *Vassilios Kukorinis, et al. v. Walmart, Inc.*, Case No. 1:19-cv-20592-JEM (S.D. Fla.) ("*Kukorinis I*"). Mr. Kukorinis unsuccessfully attempted to disavow the settlement in that case.[1] (*Kukorinis I,* Doc. 97.) Over a year later, Mr. Kukorinis engaged different counsel and sued Walmart again in this case. (Doc. 1.)

8. Mr. Kukorinis admits that he agreed to the terms of the Settlement Agreement, including the individual release. Further, contrary to Mr. Kukorinis' assertions, there is no non-disparagement clause in the Settlement. Indeed, as detailed above, and in the Motion for Final Approval (Doc. 100), there has been significant publicity regarding this Settlement and Mr. Kukorinis' claims (arguably more publicity than Mr. Kukorinis could have achieved on his own), and millions of claims have been filed. However, Mr. Kukorinis should be held to his agreement to release his individual claims against Walmart. The Court should reject Mr. Kukorinis' eleventh hour attempts to disavow these common class action releases and approve the Settlement Agreement as agreed to by Mr. Kukorinis.

---

[1] The settlement agreement in *Kukorinis I* did not contain an individual release or covenant not to sue by Mr. Kukorinis.

Dated: June 5, 2024

Respectfully submitted,

*/s/ Naomi G. Beer*
Christopher Torres (FBN 0716731)
torresch@gtlaw.com
Raymond D. Jackson (FBN 1028350)
jacksonra@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Secondary email: farrark@gtlaw.com; FLService@gtlaw.com

Naomi G. Beer
beern@gtlaw.com
**GREENBERG TRAURIG, LLP**
1144 15th Street, Ste. 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540

Robert J. Herrington
robert.herrington@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park East Suite 1900 Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (312) 586-7800

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Naomi Beer*
Attorney
