UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VASSILIOS KUKORINIS,**
**individually and on behalf of all**
**others similarly situated,**

       *Plaintiff,*

v.                                                                          No. 8:22-cv-02402

**WALMART, INC.,**

       *Defendant.*

**CLASS COUNSEL'S NOTICE OF FILING CONCERNING THE STATUS OF THE SETTLEMENT CLAIMS PROCESSING**

Class Counsel respectfully submits this Notice and the Declaration of Denise Earle (a Senior Project Manager with Angeion Group, the Court-appointed Claims Administrator) Regarding the Status of Claims Processing ("Earle Declaration"). Class Counsel and the Claims Administrator have already submitted prior Declarations from the Claims Administrator that provide additional details regarding the notice and claim administration processes employed and to be employed.[1]

The purpose of the Earle Declaration and this Notice is to provide the Court an update on the current status of claims processing and approximate timing for the

---

[1] *See* Declaration of Steven Weisbrot, Esq. Re: Angeion Group Qualifications & The Proposed Notice Plan [Dkt. 71-4]; Supplemental Declaration of Steven Weisbrot, Esq. Re: Proposed Notice Plan [Dkt. 74-3]; Declaration of Steven Weisbrot Regarding Current Status of the Settlement Notice Plan, The Settlement Website and Toll-Free Number, Claim Forms Received, Opt-Outs, and Objections [Dkt. 100-2]; Supplemental Declaration of Steven Weisbrot Regarding Current Status of the Settlement Notice Plan, The Settlement Website and Toll-Free Number, Claim Forms Received, Opt-Outs, and Objections [Dkt. 124-7].

1

distribution of the Net Settlement Fund. On June 28, 2024, the Court entered an order (Dkt. 132) granting final approval of the Settlement ("Judgment").[2] Pursuant to the terms of the Settlement, the Judgment became Effective and Final on July 30, 2024.

As described in the attached Earle Declaration, the Claims Administrator has now processed over 3.9 million submitted claims, identified approved claims, and sent claimants notifications regarding deficient, denied, and initially rejected claims with instructions on how to respond and cure the deficiency, as applicable.

As set forth in the Earle Declaration, after the deadlines have passed for the Claimants to respond, the Claims Administrator will review all rejection and deficiency responses, complete document review and deduplication for the additional approved claims (where applicable), make final Claim determinations, calculate *pro rata* Settlement payments in accordance with the Plan of Allocation, and, subject to Court approval, proceed with the distribution of the Net Settlement Fund.

Angeion estimates that, subject to Court approval, the distribution of the Net Settlement Fund can occur approximately by the end of the first quarter of 2025.

Therefore, once the Claims Administrator has notified Class Counsel that the claims administration process has concluded, Class Counsel will promptly file papers seeking Court approval to proceed with the distribution of the Net Settlement Fund. Based on the above, Class Counsel expects those papers to be filed approximately by the end of the first quarter of 2025.

---

[2] Unless otherwise defined, capitalized terms herein have the same meaning as set forth in the Stipulation and Agreement of Settlement, dated November 15, 2023 ("Settlement Agreement") and exhibits thereto, filed on November 16, 2023, at ECF No. 71-2.

As Class Counsel was finalizing the instant filing, Plaintiff filed a letter with the Court (Dkt. 141, the "Letter"), to which Class Counsel, if directed by the Court, will respond in greater detail. Preliminarily, however, Class Counsel notes that despite being titled "Concerns Regarding the Distribution of the Net Settlement Fund," the matters raised in the Letter: (1) rehash arguments about the fairness of the Settlement and the individual release; and (2) are irrelevant (scurrilous) assertions that are not based in fact.

First, the Letter's renewed attacks on the fairness of the settlement, the individual release,[3] and incentive award are the same issues that were fully briefed prior to the June 12, 2024 Final Approval Hearing ("FAH"), discussed at the FAH by Class Counsel and Plaintiff, and ruled on by the Court. The Letter itself makes clear that the attacks are based on events and information known by Plaintiff prior to the FAH.[4]  Tellingly, neither Plaintiff nor any other class member appealed the Court's

---

[3] The Letter at page 5 is actually not quoting from the release but from a draft of the Plan of Allocation provided to and discussed with Plaintiff during the drafting process. Consistent with Counsel's statement at the FAH, the release did not change as between the November 6 and November 15 Stipulation drafts, and the Letter does not demonstrate otherwise.

[4] There are two *purported* post-FAH events cited in the Letter that warrant immediate correction. First, Ms. Saunders' last day of employment by Class Counsel was October 27, 2023, at which point she became employed by a claims administration firm that is a competitor to Angeion. Ms. Saunders' employment with Angeion did not occur until nearly a year later, in September 2024, nearly four years after the passing of her brother, co-founder of Angeion. At no point has Mr. Chimicles or Class Counsel had any direct or indirect financial interest in Angeion. In sum, Angeion has never been a "family business" and any suggestion that any conflict of interest exists in connection with Class Counsel's selection of Angeion as claims administrator in this case is simply reckless. Second, Mr. O'Brien did not seek nor get any comment from Class Counsel for his June 17, 2024 Florida Record article about the Settlement. Class Counsel did not state what the Letter claims they did. Rather, as the article makes clear, the Letter incorrectly attributes to Class Counsel *Mr. O'Brien's characterization* of arguments made in Class Counsel's briefs. https://flarecord.com/stories/660583646-judge-gives-final-ok-to-walmart-produce-pricing-class-action-lawyers-will-get-9m

rulings or the June 28, 2024 Judgment, a clear indication of the baselessness of Plaintiff's renewed assertions. Second, as to Angeion[5] and the distribution of the Net Settlement Fund, Class Counsel notes that the notice and claims processes, as well as the estimated costs of such work, were documented in filings made by Class Counsel prior to the FAH and discussed at the FAH. *See e.g.* fn. 1 *supra,* and Dkt. 71-4, Dkt. 74, Dkt. 74-3, Dkt. 100-1 ¶¶84-99, Dkt. 101-1 ¶95. Angeion has diligently executed those processes, and as this filing reports, the claims administration process is ongoing. Again, Class Counsel can respond in more detail to the assertions in the Letter if the Court desires.

Finally, Class Counsel provided Mr. Fishkin's filing (Dkt. 139) to the Claims Administrator and will file a response as directed by the Court by January 10, 2025.

Dated: December 31, 2024          Respectfully submitted,

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**

*By: /s/ Kimberly M. Donaldson-Smith*
Nicholas E. Chimicles
Kimberly M. Donaldson-Smith
Zachary P. Beatty
361 West Lancaster Avenue
Haverford, PA 19041
Phone: 610-642-8500
Fax: 610-649-3633
nec@chimicles.com
kmd@chimicles.com

*Class Counsel*

---

[5] Angeion was selected pursuant to a request for proposal process among several experienced administrators (Dkt. 71 fn. 4, Dkt. 71-1 ¶28, Dkt. 101-1 ¶¶65-66), and the prior submitted Declarations detail Angeion Group's extensive experience in designing and implementing class action notice plans, handling class action settlement administration, and the work they have performed in this action. *See* Dkt. 71-4, and declarations cited in fn. 1 *supra.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

Dated: December 31, 2024  </br>
/s/ *Kimberly M. Donaldson-Smith*  
Kimberly M. Donaldson-Smith